IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 10 - 318 |
| v. | ) | |
| JBS USA, LLC, f/k/a JBS SWIFT & CO., a/k/a SWIFT BEEF COMPANY, | ) ) ) | C O M P L A I N T |
| | ) | JURY TRIAL DEMAND |
| Defendant. | | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, national origin, race, and retaliation, and to provide appropriate relief to Maymun Yusuf, Fartun Farah, Sahara Mohamed, and other Charging Parties, all of whom are of Somali national origin and religiously Muslim, and other aggrieved Somali Muslim employees ("Somali Muslim employees," "aggrieved employees") at Defendant JBS USA, LLC, f/k/a JBS Swift & Co, a/k/a Swift Beef Company's Grand Island, Nebraska facility, who were adversely affected by such practices. Defendant has engaged in a pattern or practice of discrimination by (1) unlawfully denying reasonable religious accommodation to its Somali Muslim employees; and (2) unlawfully terminating its Somali Muslim employees because of their religion, national origin, and in retaliation for their requests for religious accommodation, and their complaints of denied religious accommodation. Defendant also subjected a class of Somali Muslim employees to an unlawful hostile work environment on the basis of religion, national origin, and / or race.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nebraska.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of Nebraska and the City of Grand Island, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Hodan Ibrahim, Maymun Yusuf, Leyla Ahmed, Maka Karshe, Fatama Abdullahi, Amina Huessin, Saihab Gurhah, Dahabo Adawe, Khadhaa Osmah, Muna Mohamed, Ayan Hirsi, Fadumo Abdi, Sugra Mohamed Olad, Fowsiya Ibrahim, Istar Said, Farham H. Abdi, Mohamed Farah, Ahmed Qurey,

Abdi Mohamed, Shukri Wais, Abdulkadir Adan, Ahmed Jibril, Mohamed Ali, Mahad Mohamed, Shire Jama, Abdiaziz Jama, Sadiq Abdulle, Mohamud Ali, Mustafa Jama, Ahmed Mohamed, Abdisamad Farah, Ayan Aden, Fartun Warsame, Abdulahi Hashi, Farhiyo Ahmed, Ahmed Dalmar, Asha Abdi, Abdirahman Ahmed Yusuf, Abdirisaak Ali, Abdirizak A. Sahal, Ahmed Muse, Abdifatah Warsame, Jamal Jeidan, Abdiqader Hirsi, Mohamed Mohamed, Abdirizak Bulhan, Abdirahman Diriye, Ali Salah, Sayid Ali, Said Nuuh, Mahad Jelle, Faysal Mahamud, Habsa Ibrahim, Amina Hassan, Adan Hassan, Nimo Musse, Said Farah, Mohamud Mohamud, Ali Mohamoud, Abdi Osman, Abdullahi Abdulle, Abdullahi Sheekh, Fathi Jama, Sirat Adan, Deka Shire, Abdisalaan Ahmed, Yusuf Jama, Maryan Mohamed, Abdigani Hussien, Halimo Abdulahi, Fartun Farah, Asha Hussein, Sahra Mohomud, Mohamed Jama, Mohamud Einead, Mawlid Taakilo, Mohamed Diriye, Abdulaziz Warsame, Walid Aden, Bashir Seed, Namia Mohamed, Burhan Yusuf, Muhubo Ahmed, Bile Mire, and Duwane Hassan, who are all Muslim, Somali, and Black, filed charges on behalf of themselves and other aggrieved employees with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 6, 2007, Defendant has engaged in the following unlawful employment practices at its Grand Island, Nebraska facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a):

    (a) Defendant engaged in a pattern or practice of denying reasonable religious accommodations to Maymun Yusuf, Fartun Farah, Sahara Mohamed, and other aggrieved employees at its Grand Island, Nebraska facility:

        i. According to the religious beliefs of these Somali Muslim employees, they must pray at certain times of the day. Defendant refused to allow the aggrieved employees to pray in accordance with their religious beliefs despite

3

Defendant's knowledge of the aggrieved employees' prayer practices and despite the aggrieved employees' repeated requests to be allowed to pray at or near their required times by being allowed to leave the meat processing line to pray just as non-Somali Muslim coworkers were allowed to leave the processing line to use the bathroom, even though such an accommodation would not have posed an undue burden on Defendant.

      ii.    During Ramadan 2008, Defendant denied these aggrieved employees' requests for reasonable religious accommodations by refusing to move the second shift dinner break time when requested to a time that would have met their religious prayer needs and that was allowed and contemplated by the Defendant's Collective Bargaining Agreement with the union representing plant employees in the Grand Island, Nebraska facility.

      iii.    Some of the aggrieved employees complained to Defendant's supervisors and managers about its refusal to accommodate their need to pray in accordance with their Muslim religious beliefs but the accommodations were not provided.

    (b)    Defendant also failed to accommodate the religious beliefs and practices of a class of Muslim employees at its Grand Island, Nebraska facility:

    i.    According to the religious beliefs of these Somali Muslim employees, they must pray at certain times of the day. Defendant refused to allow the aggrieved employees to pray in accordance with their religious beliefs despite Defendant's knowledge of the aggrieved employees' prayer practices and despite the aggrieved employees' repeated requests to be allowed to pray at or near their required times by being allowed to leave the meat processing line to pray just as non-Somali Muslim

4

coworkers were allowed to leave the processing line to use the bathroom, even though such an accommodation would not have posed an undue burden on Defendant.

    ii. During Ramadan 2008, Defendant denied these aggrieved employees' requests for reasonable religious accommodations by refusing to move the second shift dinner break time when requested to a time that would have met their religious prayer needs and that was allowed and contemplated by the Defendant's Collective Bargaining Agreement with the union representing plant employees in the Grand Island, Nebraska facility.

    iii. Some of the aggrieved employees complained to Defendant's supervisors and managers about its refusal to accommodate their need to pray in accordance with their Muslim religious beliefs but the accommodations were not provided.

 (c) Defendant subjected Fartun Farah, Sahara Mohamed, and other aggrieved employees of the Muslim religion, of Somali national origin, and/or of race, Black, to an unlawful hostile work environment at its Grand Island, Nebraska facility by harassing them and/or by allowing the harassment of them because of their religion, national origin, and / or race:

    i. Defendant's supervisors and non-Somali Muslim coworkers, with the knowledge of Defendant's supervisors and managers, made derogatory and discriminatory comments to the Somali Muslim employees, interrupted their prayers, refused to let them pray, threw meat at them, called them names including "lazy Somali," told them to "go back to your country" and "go back to Somalia," ridiculed their religious practices and prayer, and/or denied them use of the restrooms and water fountains because of their religion, national origin, and / or race.

    ii. Defendant's harassment policy and complaint procedure were not available for employees in the Somali language. Most Somali Muslim employees could not read English or Spanish, the languages in which the harassment policy and complaint procedure were written.

    iii. Some Somali Muslim employees complained about the harassment to supervisors and managers but Defendant failed to stop the harassment.

 (d) Defendant engaged in a pattern or practice of unlawfully terminating the employment of Maymun Yusuf, Fartun Farah, Sahara Mohamed, and others aggrieved employees at its Grand Island, Nebraska facility on or about September 18, 2008, because of their religion, national origin, and in retaliation for their requests for religious accommodations as set forth in subparagraph (a) above, and their complaints about Defendant's failure to accommodate their religion as set forth in subparagraph (a) above. Defendant's claim that these workers engaged in an unauthorized work stoppage is a pretext for unlawful discrimination

 (e) Defendant discharged Maymun Yusuf, Fartun Farah, Sahara Mohamed, and a class of other aggrieved employees at its Grand Island, Nebraska facility on or about September 18, 2008, because of their religion, national origin, and in retaliation for their requests for religious accommodations as set forth in subparagraph (a) above, and their complaints about Defendant's failure to accommodate their religion as set forth in subparagraph (a) above. Defendant's claim that these workers engaged in an unauthorized work stoppage is a pretext for unlawful discrimination.

 (f) Defendant discharged Fowsiya Ibrahim and other aggrieved employees because of their religion, Muslim, when it informed them they would no longer be allowed to pray at work.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Maymun Yusuf, Fartun Farah, Sahara Mohamed and a class of other aggrieved employees at Defendant's Grand Island, Nebraska facility of equal employment opportunities and otherwise adversely affect their status as employees because of their religion, Muslim.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Maymun Yusuf, Fartun Farah, Sahara Mohamed and a class of other aggrieved employees at Defendant's Grand Island, Nebraska facility of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin, Somali.

10. The effect of the practices complained of in paragraph 7 above has been to deprive Fartun Farah and a class of other aggrieved employees at Defendant's Grand Island, Nebraska facility of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

11. The effect of the practices complained of in paragraph 7 above has been to deprive Maymun Yusuf, Fartun Farah, Sahara Mohamed, and other aggrieved employees at Defendant's Grand Island, Nebraska facility of equal employment opportunities and otherwise adversely affect their status as employees in retaliation for their requests for religious accommodation and their complaints about Defendant's failure to accommodate their religion.

12. The unlawful employment practices complained of in paragraph 7 above were and are intentional.

13. The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Maymun Yusuf, Fartun Farah, Sahara Mohamed, and the other aggrieved employees at Defendant's Grand Island, Nebraska facility.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from denying reasonable religious accommodations to its employees.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment of employees on the basis of religion, national origin, and / or race.

C.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from terminating employees in retaliation for activity protected by Section 704(b) of Title VII, 42 U.S.C. § 2000e-3 or on the basis of religion, national origin and/or race.

D.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Somali, Muslim, and Black employees, and which eradicate the effects of its past and present unlawful employment practices.

E.     Order Defendant to make whole Maymun Yusuf, Fartun Farah, Sahara Mohamed and a class of aggrieved employees at Defendant's Grand Island, Nebraska facility, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of and / or front pay compensation to Maymun Yusuf, Fartun Farah, Sahara Mohamed, and other aggrieved employees.

F.     Order Defendant to make whole Maymun Yusuf, Fartun Farah, Sahara Mohamed, and other aggrieved employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including relocation expenses, job search expenses, and medical expenses that would have been covered by

the health insurance or other benefits provided through their employment by Defendant, in amounts to be determined at trial.

G. Order Defendant to make whole Maymun Yusuf, Fartun Farah, Sahara Mohamed, and other aggrieved employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant to pay Maymun Yusuf, Fartun Farah, Sahara Mohamed, and other aggrieved employees punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
(314) 539-7910 (telephone)
(314) 539-7895 (facsimile)
email: barbara.seely@eeoc.gov


 /s/ Rebecca S. Stith
REBECCA S. STITH, MO 36703
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
(314) 539-7917 (telephone)
(314) 539-7895 (facsimile)
email:  rebecca.stith@eeoc.gov

/s/ Melvin D. Kennedy
MELVIN D. KENNEDY, MO 40430
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
(314) 539-7916 (telephone)
(314) 539-7895 (facsimile)
email:  melvin.kennedy@eeoc.gov


ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION