IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 10-318 |
| Farhan Abdi, Hassan Duwane, Mohammed Jama, Bashir Abdi, Rahma Mohamed Abdi, Faydero Abdirahman, Ahmed Adam, Mohamed Adan, Said Adoow, Noor Ahmed, Said Ali Ahmed, Ahmed Farah Ali, Ayan Ali Muhydin Avidrahman, Farah Awil, Sahra Botan, Saynab Farah, Amina Farah, Hassan Gabow, Amina Gelle, Siraj Guled, Abdikhadar Hassan, Rashid Yusuf Hundule, Hussein Hussein, Mohammed Isak, Mohamed Isman, Abdulkadir Jama, Hawa Jama, Abdalle Hassan Mahamud, Hanad Mohammed, Omar M. Mohamed, Nimo Mohamed, Amina Mohamed, Musa Abdalla Mohamed, Hawa Mohamud, Abdalle Ali Mohamud, Astur, Mur, Maryan Muse, Abdighani Muse, Warsame Nur, Mukhtar Omar, Ayan Osman, Sutra Otad, Ambiya K. Roble, Ali Abdi Hakim Said, Ali Shire, Yusuf M. Soldad, Ahmed Sugule, Abdulqani Yusuf, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Applicants for Intervention | ) ) | |
| v. | ) ) | |
| JBS USA, LLC, f/k/a JBS SWIFT & CO., a/k/a SWIFT BEEF COMPANY, | ) ) ) | |
| Defendant. | ) | |

**INTERVENORS' COMPLAINT**

COME NOW Plaintiff-Intervenors Farhan Abdi, Hassan Duwane, Mohammed Jama, Bashir Abdi, Rahma Mohamed Abdi, Faydero Abdirahman, Ahmed Adam, Mohamed Adan, Said Adoow, Noor Ahmed, Said Ali Ahmed, Ahmed Farah Ali, Ayan Ali, Muhydin

Avidrahman, Farah Awil, Sahra Botan, Saynab Farah, Amina Farah, Hassan Gabow, Amina Gelle, Siraj Guled, Abdikhadar Hassan, Rashid Yusuf Hundule, Hussein Hussein, Mohammed Isak, Mohamed Isman, Abdulkadir Jama, Hawa Jama, Abdalle Hassan Mahamud, Hanad Mohammed, Omar M. Mohamed, Nimo Mohamed, Amina Mohamed, Musa Abdalla Mohamed, Hawa Mohamud, Abdalle Ali Mohamud, Astur Mur, Maryan Muse, Abdighani Muse, Warsame Nur, Mukhtar Omar, Ayan Osman, Sutra Otad, Ambiya K. Roble, Ali Abdi Hakim Said, Ali Shire, Yusuf M. Soldad, Ahmed Sugule, and Abdulqani Yusuf ("Plaintiff-Intervenors") by and through counsel, Christina Abraham, and for their respective causes of action against the Defendant state as follows:

## PARTIES

1.       Plaintiff-Intervenor Farhan Abdi ("Abdi") is a former employee of Defendant JBS Swift & Co.  Plaintiff-Intervenor Abdi is a resident of Wilmar, Minnesota and has the capacity to sue.

2.       Plaintiff-Intervenor Hassan Duwane ("Duwane") is a former employee of Defendant JBS Swift & Co.  Plaintiff-Intervenor Duwane is a resident of Minneapolis, Minnesota and has the capacity to sue.

3.       Plaintiff-Intervenor Mohammed Jama ("Jama") is a former employee of Defendant JBS Swift & Co.  Plaintiff-Intervenor Jama is a resident of Grand Island, Nebraska and has the capacity to sue.

4.       Plaintiff Equal Employment Opportunity Commission ("EEOC") is charged with the administration, interpretation and enforcement of Title VII.  The EEOC brought the instant action pursuant to Sections 706(f)(1),(3), and 707 as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3)

and 2006e-6 ("Title VII"), and Section 102(d) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. It has the capacity to sue.

5. Defendant JBS USA, LLC, f/k/a JBS Swift & Co., a/k/a Swift Beef Company ("Swift and Co.") has continuously been a Delaware corporation doing business in the State of Nebraska and the City of Grand Island, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## JURISDICTION AND VENUE

7. Plaintiff-Intervenors bring their respective causes of action pursuant to Sections 706(f)(1), (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000 e-5(f)(1), (3), and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff-Intervenors have the unconditional statutory right to intervene in the instant action pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1), and pursuant to F.R.C.P. 24(a)(1), which grants the right to intervene where a statute of the United States confers an unconditional right to intervene.

8. Defendant JBS USA, LLC, f/k/a JBS Swift & Co., a/k/a Swift Beef Company ("Swift and Co.") is an employer engaged within the meaning of Title VII, § 701(b), (g) and (h), 42 U.S.C. §2000e(b), (g), and (h).

9. Plaintiff-Intervenors Abdi, Duwane, and Jama timely filed charges of discrimination on behalf of themselves and the class of other aggrieved employees against Defendant JBS USA, LLC, f/k/a JBS Swift & Co., a/k/a Swift Beef Company with the EEOC.

10. Plaintiff-Intervenors Abdi, Duwane, and Jama were employed at all relevant times in the State of Nebraska by Defendant JBS USA, LLC, f/k/a JBS Swift & Co., a/k/a Swift Beef Company.

11. On August 31, 2010, the EEOC, after attempting conciliation on behalf of Plaintiff-Intervenors Abdi, Duwane, Jama, and the class of other Somali Muslim employees, commenced suit in this Court on behalf of Plaintiff Intervenors Abdi, Duwane, Jama, Bashir Abdi, Rahma Mohamed Abdi, Faydero Abdirahman, Ahmed Adam, Mohamed Adan, Said Adoow, Noor Ahmed, Said Ali Ahmed, Ahmed Farah Ali, Ayan Ali, Muhydin Avidrahman, Farah Awil, Sahra Botan, Saynab Farah, Amina Farah, Hassan Gabow, Amina Gelle, Siraj Guled, Abdikhadar Hassan, Rashid Yusuf Hundule, Hussein Hussein, Mohammed Isak, Mohamed Isman, Abdulkadir Jama, Hawa Jama, Abdalle Hassan Mahamud, Hanad Mohammed, Omar M. Mohamed, Nimo Mohamed, Amina Mohamed, Musa Abdalla Mohamed, Hawa Mohamud, Abdalle Ali Mohamud, Astur Mur, Maryan Muse, Abdighani Muse, Warsame Nur, Mukhtar Omar, Ayan Osman, Sutra Otad, Ambiya K. Roble, Ali Abdi Hakim Said, Ali Shire, Yusuf M. Soldad, Ahmed Sugule, and Abdulqani Yusuf ("Plaintiff-Intervenors"), all of whom are persons aggrieved and adversely affected by the unlawful employment practices of Defendant JBS USA, LLC, f/k/a JBS Swift & Co., a/k/a Swift Beef Company pursuant to Sections 706(f)(1) and (3), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

12. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1391(b) in that Defendant maintains its principal office in this judicial district, and in that a substantial part of the events or omissions giving rise to the claims of Plaintiff-Intervenors occurred within this district.

## STATEMENT OF RELEVANT FACTS

13.     JBS USA, LLC, f/k/a JBS Swift & Co., a/k/a Swift Beef Company, at all relevant times, operated a meat processing plant in Grand Island, Nebraska and employed Plaintiff-Intervenors.

14.     On or about October 3, 2008, Plaintiff-Intervenors Farham Abdi, Hassan Duwane, and Mohammed Jama, who are all Muslim, Somali, and/or Black, filed charges on behalf of themselves and the class of aggrieved employees with the EEOC alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

15.     Since at least December 6, 2007, Defendant has engaged in unlawful employment practices at its Grand Island, Nebraska facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a).  These practices included failing to reasonably accommodate Plaintiff-Intervenors' religious practices, subjecting Plaintiff-Intervenors to a hostile work environment, and discharging their employment based on their race, national origin, and/or religion, and in retaliation for asserting and attempting to enforce their rights under federal law.

16.     According to the religious beliefs of Plaintiff-Intervenors, they must pray at certain times of the day.  Defendant refused to allow Plaintiff-Intervenors to pray in accordance with their religious beliefs despite Defendant's knowledge of their prayer practices and despite their repeated requests to be allowed to pray at or near their required times by being allowed to leave the meat processing line to pray, even though such an accommodation would not have posed an undue burden on Defendant.

17.     Defendant regularly subjected Plaintiff-Intervenors to discipline for attempting to pray at work.  Such discipline ranged from reprimand to discharge of their employment.

Plaintiff-Intervenors, when insisting upon their right to pray, were subjected to retaliation in the form of reprimand, harassment and termination.

18.   During Ramadan 2008, Defendant denied Plaintiff-Intervenors' requests for reasonable religious accommodations that was allowed and contemplated by the Defendant's Collective Bargaining Agreement with the union representing plant employees in the Grand Island, Nebraska facility.

19.   In response to Defendant's failure to properly accommodate their religious practices, many Plaintiff-Intervenors organized a rally in protest. All or most of those who participated in the rally were terminated.

20.   Defendant's supervisors and non-Somali, non-Muslim coworkers, with the knowledge of Defendant's supervisors and managers, made derogatory and discriminatory comments to Plaintiff-Intervenors, interrupted their prayers, refused to let them pray, ridiculed their religious practices and prayer, and/or denied them use of the restrooms and water fountains because of their religion, national origin, and/or race.

21.   Plaintiff-Intervenors complained about the harassment to supervisors and managers but Defendant failed to take appropriate action, resulting in the harassment continuing unabated.

22.   While Defendant's management and supervisors routinely allowed non-Somali, non-Muslim employees to temporarily leave the production line for various reasons throughout the day, such as to use the restroom, they did not allow Plaintiff-Intervenors to leave the line to pray. Defendant's management and supervisors have followed Plaintiff-Intervenors into the restroom during the workday to ensure they were in fact using the restroom and not praying.

23. Defendant forced some Plaintiff-Intervenors to sign a statement which, on information and belief, stated that they agreed not to pray at work.

24. Plaintiff-Intervenors were disproportionately assigned to the least desirable jobs and the least desirable shift. Non-Somali employees are routinely chosen for supervisor positions over equally or more qualified Somali employees. On information and belief, Defendant never promoted any Plaintiff-Intervenors to supervisory positions. Plaintiff-Intervenor Abdi would arrive to work early, without extra pay, to translate for his fellow Somali employees. Plaintiff-Intervenor Abdi requested a supervisory or translator position but was denied.

25. Defendant's harassment policy and complaint procedure were not available for Plaintiff-Intervenors. Most of the Plaintiff-Intervenors could not read English or Spanish, the languages in which the harassment policy and complaint procedure were written, and Defendant failed to provide translators for Plaintiff-Intervenors to understand this procedure.

## COUNT I – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26. Plaintiff-Intervenors reassert and reallege paragraphs one (1) through twenty-five (25) as if contained fully herein.

27. From late 2007 through the present, Defendant engaged and continues to engage in a practice of unlawful discriminatory employment practices at its Grand Island, Nebraska facility in violation of Title VII by discriminating against Plaintiff-Intervenors with respect to the terms and conditions of employment because of their race, color, national origin, gender and/or religion and/or has retaliated against current or former employees who requested a reasonable accommodation for their religious practices.

28.     Plaintiff-Intervenors requested accommodation of their religious obligations on numerous occasions. These requests were made directly to supervisors and management of Defendant Swift & Co.

29.     Defendant Swift & Co. was aware of the need to accommodate the religious practices of Plaintiff-Intervenors. Such accommodation would not have created an undue hardship on Defendant Swift & Co.

30.     Defendant Swift & Co. failed to reasonably accommodate the religious practices of Plaintiff-Intervenors, in violation of Title VII.

31.     All the above actions were taken by Defendant in order to deprive Plaintiff-Intervenors of equal terms and conditions of employment and other contractual opportunities, as those afforded to other, non-Somali, non-Muslim line employees.

32.     From late 2007 through the present, Defendant engaged and continues to engage in a practice of unlawful discriminatory employment practices at its Grand Island, Nebraska facility in violation of Title VII by subjecting the Plaintiff-Intervenors to a hostile work environment due to their race, color, national origin, gender and/or religion. Defendant has refused and/or otherwise failed to prevent or correct the severe and/or pervasive hostile work environment.

33.     Defendant discharged Plaintiff-Intervenors from its Grand Island, Nebraska facility on or about September 18, 2008, because of their religion, race and/or national origin, and in retaliation for their requests for religious accommodations. Defendant's claim that these workers engaged in an unauthorized work stoppage is a pretext for unlawful discrimination.

34.     The effect of the practices complained of in the aforementioned paragraphs has been to deprive Plaintiff-Intervenors at Defendant's Grand Island, Nebraska facility of equal

employment opportunities and otherwise adversely affect their status as employees because of their religion, Muslim.

35. The effect of the practices complained of in the aforementioned paragraphs has been to deprive Plaintiff-Intervenors at Defendant's Grand Island, Nebraska facility of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin, Somali.

36. The effect of the practices complained of in the aforementioned paragraphs has been to deprive Plaintiff-Intervenors at Defendant's Grand Island, Nebraska facility of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

37. The effect of the practices complained of in the aforementioned paragraphs has been to deprive Plaintiff-Intervenors at Defendant's Grand Island, Nebraska facility of equal employment opportunities and otherwise adversely affect their status as employees in retaliation for their requests for religious accommodation and their complaints about Defendant's failure to accommodate their religion.

38. The unlawful employment practices complained of in the aforementioned paragraphs were and are intentional.

39. The unlawful employment practices complained of in the aforementioned paragraphs were and are done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenors at Defendant's Grand Island, Nebraska facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenors Farhan Abdi, Hassan Duwane, Mohammed Jama, Bashir Abdi, Rahma Mohamed Abdi, Faydero Abdirahman, Ahmed Adam, Mohamed Adan,

9

Said Adoow, Noor Ahmed, Said Ali Ahmed, Ahmed Farah Ali, Ayan Ali, Muhydin Avidrahman, Farah Awil, Sahra Botan, Saynab Farah, Amina Farah, Hassan Gabow, Amina Gelle, Siraj Guled, Abdikhadar Hassan, Rashid Yusuf Hundule, Hussein Hussein, Mohammed Isak, Mohamed Isman, Abdulkadir Jama, Hawa Jama, Abdalle Hassan Mahamud, Hanad Mohammed, Omar M. Mohamed, Nimo Mohamed, Amina Mohamed, Musa Abdalla Mohamed, Hawa Mohamud, Abdalle Ali Mohamud, Astur Mur, Maryan Muse, Abdighani Muse, Warsame Nur, Mukhtar Omar, Ayan Osman, Sutra Otad, Ambiya K. Roble, Ali Abdi Hakim Said, Ali Shire, Yusuf M. Soldad, Ahmed Sugule, and Abdulqani Yusuf request that this Court enter a judgment in their favor and against Defendant JBS USA , LLC. f/k/a JBS Swift & Co., a/k/a Swift Beef Company and enter an order to:

    A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from denying reasonable religious accommodations to its employees;

    B.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment of employees on the basis of religion, national origin, and/or race;

    C.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from terminating employees in retaliation for activity protected by Section 704(b) of Title VII, 42 U.S.C. §2000e-3 or on the basis of religion, national origin and/or race;

D.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Somali, Muslim, and Black employees, and which eradicates the effects of its past and present unlawful employment practices;

E.  Order Defendant to make whole Plaintiff-Intervenors by providing appropriate backpay with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of and/or front pay compensation to Plaintiff-Intervenors;

F.  Order Defendant to make whole Plaintiff-Intervenors, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, including relocation expenses, job search expenses, and medical expenses that would have been covered by the health insurance or other benefits provided through their employment by Defendant;

G.  Order Defendant to make whole Plaintiff-Intervenors by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation;

H.  Order Defendant to pay Plaintiff-Intervenors Farhan Abdi, Hassan Duwane, Mohammed Jama and Sahra Mohamud, and other aggrieved employees punitive damages for its malicious and reckless conduct;

I.  Award Plaintiff-Intervenors their costs of this action, prejudgment interest and reasonable attorneys' fees; and

J.  Grant such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – 42 U.S.C. § 1981

40. Plaintiff-Interveners reassert and reallege paragraphs one (1) through twenty-five (25) as if contained fully herein.

41. There existed a valid contractual relationship between Plaintiff-Intervenors and Defendant.

42. Defendant's employees and supervisors subjected Plaintiff-Intervenors to a hostile work environment based on their race, Black, through severe and/or pervasive actions, thereby negatively altering the conditions of their employment and creating an abusive working environment.

43. Despite Plaintiff-Intervenors' specific complaints to Defendant's management, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

44. Defendant discharged Plaintiff-Intervenors from its Grand Island, Nebraska facility on or about September 18, 2008, because of their race, and in retaliation for their complaints of race-based harassment. Defendant's claim that these workers engaged in an unauthorized work stoppage is a pretext for unlawful discrimination.

45. The aforementioned conduct of Defendant was willful and malicious acts of unlawful discrimination against Plaintiff-Intervenors on the basis of their race, Black, and has deprived Plaintiff-Intervenors the enjoyment of all benefits, privileges, terms, and conditions of their employment relationship in violation of 42 U.S.C. § 1981.

46. The unlawful employment actions set forth herein, were intentional and/or done with reckless disregard to the Plaintiff-Intervenors' rights and are in violation of federal and state law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff-Intervenors Farhan Abdi, Hassan Duwane, Mohammed Jama, Bashir Abdi, Rahma Mohamed Abdi, Faydero Abdirahman, Ahmed Adam, Mohamed Adan, Said Adoow, Noor Ahmed, Said Ali Ahmed, Ahmed Farah Ali, Ayan Ali, Muhydin Avidrahman, Farah Awil, Sahra Botan, Saynab Farah, Amina Farah, Hassan Gabow, Amina Gelle, Siraj Guled, Abdikhadar Hassan, Rashid Yusuf Hundule, Hussein Hussein, Mohammed Isak, Mohamed Isman, Abdulkadir Jama, Hawa Jama, Abdalle Hassan Mahamud, Hanad Mohammed, Omar M. Mohamed, Nimo Mohamed, Amina Mohamed, Musa Abdalla Mohamed, Hawa Mohamud, Abdalle Ali Mohamud, Astur Mur, Maryan Muse, Abdighani Muse, Warsame Nur, Mukhtar Omar, Ayan Osman, Sutra Otad, Ambiya K. Roble, Ali Abdi Hakim Said, Ali Shire, Yusuf M. Soldad, Ahmed Sugule, and Abdulqani Yusuf request that this Court enter a judgment in their favor and against Defendant JBS USA , LLC. f/k/a JBS Swift & Co., a/k/a Swift Beef Company and enter an order to:

    A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment of employees on the basis of race;

    B.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from terminating employees in retaliation for activity protected by 42 U.S.C. § 1981 or on the basis of race;

    C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Somali and Black employees, and which eradicates the effects of its past and present unlawful employment practices;

D. Order Defendant to make whole Plaintiff-Intervenors by providing appropriate backpay with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of and/or front pay compensation to Plaintiff-Intervenors;

E. Order Defendant to make whole Plaintiff-Intervenors, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, including relocation expenses, job search expenses, and medical expenses that would have been covered by the health insurance or other benefits provided through their employment by Defendant;

F. Order Defendant to make whole Plaintiff-Intervenors by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation;

G. Order Defendant to pay Plaintiff-Intervenors Farhan Abdi, Hassan Duwane, Mohammed Jama and Sahra Mohamud, and other aggrieved employees punitive damages for its malicious and reckless conduct;

H. Award Plaintiff-Intervenors their costs of this action, prejudgment interest and reasonable attorneys' fees; and

I. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

47. Plaintiff-Intervenors request a jury trial on all issues of fact and law raised by the allegations in this Complaint.

        Respectfully submitted,
        Plaintiff-Intervenors,

By:    ss/Christina Abraham_____
        Christina Abraham, Attorney for Plaintiff-Intervenors (pro hac vice petition pending)
        IL ARDC#: 6298946
        Council on American-Islamic Relations, Chicago Chapter (CAIR-Chicago)
        28 East Jackson Boulevard, Suite 1700
        Chicago, Illinois 60604
        Ph:    312.212.1520
        Fax:   312.212.1530