IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>ABDI MOHAMED, et al.,<br><br>    Plaintiff/Intervenors, and<br><br>FARHAN ABDI, et al.,<br><br>    Plaintiff/Intervenors,<br><br>   v.<br><br>JBS USA, LLC f/k/a JBS SWIFT & CO., a/k/a SWIFT BEEF COMPANY,<br><br>    Defendant. | Civil Action No. 10-318<br><br><br>**STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFFS' VIDEOTAPING AND PHOTOGRAPHING OF DEFENDANT'S PLANT IN GRAND ISLAND, NEBRASKA** |

    This matter having come before the Court on the stipulation of Defendant JBS USA, LLC ("Defendant"), Plaintiff EEOC, Plaintiff-Intervenors Abdi Mohamed, *et al.*, and Plaintiff-Intervenors Farhan Abdi, *et al.* ("Plaintiffs") (collectively referred to herein as "Parties") concerning the Plaintiffs' videotaping and photographing of Defendant's beef plant in Grand Island, Nebraska, on September 19, 2011, and the Court being fully advised, enters the following Stipulated Protective Order:

    1.    Any and all videotapes and photographs taken by Plaintiffs of the Defendant's beef plant in Grand Island, Nebraska, will be treated as confidential until such time as the parties agree otherwise or by order of the Court.  As such, all videotapes and photographs and all copies

thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Stipulated Protective Order.

  2. Confidential Information shall be produced pursuant to Federal Rules 26 and/or 34 only to Parties and their counsel of record, all of whom have agreed to be bound by the terms of this Stipulated Protective Order.  Confidential Information may also be produced pursuant to Federal Rules 26 and/or 34 to any other entity or individual permitted by the Court to join as a party to this action and who, by the Court's entry of this Stipulated Protective Order, will be deemed subject to the terms stated herein.

  3. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of Defendant or by order of the Court, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions and subject to all other terms of this Stipulated Protective Order:

   a. Parties' counsel and their legal staff, and other persons in the employ of parties' counsel to the extent such persons have involvement or responsibility in this action;

   b. Experts, consultants, or other vendors, including the vendor hired by Plaintiffs to videotape and photograph Defendant's beef plant, retained by a party with respect to this action who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A;

   c. Persons identified in amended complaints filed by the Plaintiffs who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A;

      d.    Any person who appears as a witness in a deposition in this action who has signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A;

      e.    The Court and its personnel before which this action is pending; and

      f.    Any court reporters present in their official capacity at any deposition in this action who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A.

4.    Confidential Information used as deposition exhibits shall be subject to this Stipulated Protective Order.  Each court reporter shall be instructed by the parties' counsel to place the original deposition exhibit containing Confidential Information in a sealed envelope with the legend "Confidential Information -- not to be opened except by written stipulation between the parties or by order of the Court."  Defendant also may during the deposition or within twenty-one (21) days of the parties' receipt of the rough draft of the deposition transcript, notify the other parties in writing that it is designating as Confidential Information, subject to the terms of this Stipulated Protective Order, any reference in the deposition transcript to the contents of the September 19, 2011, videotaping or photographing of Defendant's beef plant.  Such written notification shall include specific pages and line numbers of the deposition transcript so designated.  Plaintiffs may object to such designation or move the Court for an order removing such designation.

5.    Confidential Information may be used for this action only except by agreement of the parties or order of the Court. Any party seeking to rely on all or part of the Confidential Information for motion practice prior to trial may move the Court to file such Confidential Information under seal or to remove the designation of confidential as to some or all of the

videotapes and photographs deemed Confidential Information under this Stipulated Protective Order.

6.   Any party may at any time and for any reason seek modification of this Stipulated Protective Order.  This Stipulated Protective Order can be modified only by written agreement of the parties or by order of this Court.  Each party reserves the right to object to any party's motion or request to modify this Stipulated Protective Order.

7.   At the conclusion of this case, the trial of this case, or any subsequent appeal, the Confidential Information shall be returned to the counsel of record that provided the Confidential Information or shall be secured pursuant to applicable rules of professional responsibility and/or each party's document preservation and destruction procedures as long as the security of such Confidential Information is maintained.

**IT IS SO ORDERED.**

**DATED September 15, 2011.**

                                   BY THE COURT:

                                   **F.A. Gossett**
                                   **United States Magistrate Judge**

**EXHIBIT A**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read, or have had it read to me in my native language, in its entirety and understand the STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFFS' SEPTEMBER 19, 2011, VIDEOTAPING AND PHOTOGRAPHING OF DEFENDANT'S PLANT IN GRAND ISLAND, NEBRASKA (the "Stipulated Protective Order") that was entered by the United States District Court for the District of Nebraska on _____[date] in the case of *EEOC, et. al, v. JBS,* 10-318.

I agree to keep the videotapes and photographs shown to me regarding Defendant's beef plant confidential and will not copy or share the information depicted in such videos and/or photographs in violation of the Stipulated Protective Order.  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____          _____
                                                                          Signature

_____          _____
City & State where sworn and signed          Printed Name

EMPLOY\845173.1