IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV318 |
| V. | ) ) | |
| JBS USA, LLC, | ) ) | ORDER |
| Defendant. | ) ) | |

This matter is before the court on Plaintiff and Plaintiff/Intervenors' (collectively referred to herein as "Plaintiffs") Motion for Protective Order (filing 168). Plaintiffs request that this court enter a protective order barring Defendant from deposing Ayan Aden, Mohamud Einab and Hodan Ibrahim. For the reasons explained below, Plaintiffs' Motion will be granted.

## BACKGROUND

On August 30, 2010, Plaintiff EEOC filed a complaint alleging that Defendant engaged in a pattern or practice of discrimination against its Somali Muslim employees at its Grand Island, Nebraska facility. (Filing 1.) On November 8, 2010, Abdi Mohamed and multiple other aggrieved employees filed a complaint in intervention. (Filing 13.) On January 10, 2011, Farhan Abdi and forty-eight other aggrieved employees filed a complaint in intervention. (Filing 40.) On August 2, 2011, the EEOC filed an amended complaint which identified 153 individuals for whom the EEOC is seeking relief. (Filing 99.)

On December 31, 2010, Plaintiff EEOC filed a motion to bifurcate the proceedings in this lawsuit. (Filing 38.) Defendant opposed the motion, but after lengthy negotiations, the parties entered into a bifurcation agreement which was filed on April 15, 2011, and adopted and approved by the court on May 26, 2011. (Filings 76 & 81.) The bifurcation agreement divided discovery and the trial into Phase I and Phase II, with Phase I to address

the pattern or practice claims and Phase II to involve the individual claims and relief. (Filing 76-1 at CM/ECF pp. 1-7.) With respect to depositions, the bifurcation agreement provides as follows:

> C. <u>Depositions</u>
>
> (1) Defendant may depose up to 10 "aggrieved employees," as defined in the EEOC's First Amended Complaint and who are Intervenors in this suit, selected by Plaintiffs as those upon whom they will rely to prove their pattern or practice claims. Defendant may depose up to 10 "aggrieved employees," as defined in the EEOC's First Amended Complaint and who are Intervenors in this suit, selected by Defendant. **Defendant may depose any combination of up to 10 of the following additional non-expert witnesses, including non-aggrieved Somali Muslim employees who worked at the Grand Island, Nebraska facility during the relevant time period**, non-employee witnesses, **Union and co-worker witnesses**, management (corporate and Grand Island) witnesses, and/or 30(b)(6) witnesses.
>
> (3) **Additional depositions may be taken upon written consent of all parties or leave of Court upon a showing of good cause**. Any party may seek written consent or leave of court to depose affiants of statements submitted in support of or opposition to a dispositive motion. No party waives the right to object to depositions or discovery.

(Filing 76-1 at CM/ECF p. 3) (emphasis added).)

On November 21, 2011, Defendant served deposition notices for Ayan Aden, Mohamud Einab and Hodan Ibrahim. These individuals are "aggrieved employees" as defined in the EEOC's First Amended Complaint. However, although each of these individuals filed charges of discrimination with the EEOC, and the EEOC is seeking relief on their behalf, they have not intervened as plaintiffs in this litigation.

Plaintiffs wish to preclude Defendant from deposing Ayan Aden, Mohamud Einab and Hodan Ibrahim, arguing that the bifurcation agreement, by its terms, bars Defendant from deposing these individuals during Phase I discovery. Defendant contends that the bifurcation agreement permits it to depose these individuals as "co-worker witnesses" or, alternatively,

because good cause exists to do so.

## ANALYSIS

The issue presented here is whether the bifurcation agreement permits Defendant to depose Ayan Aden, Mohamud Einab and Hodan Ibrahim, who are non-intervening, aggrieved employees, during Phase I of this litigation and, if not, whether good cause nevertheless exists to depose these individuals at this time. The court concludes that the bifurcation agreement does not contemplate taking the depositions of these individuals during Phase I of the litigation and that Defendant has not shown good cause to do so.

The bifurcation agreement allows Defendant to select and depose up to ten intervening, aggrieved employees. The agreement also permits Defendant to depose up to ten individuals from the following categories: "non-aggrieved Somali Muslim employees who worked at the Grand Island, Nebraska facility during the relevant time period, non-employee witnesses, **Union and co-worker witnesses**, management (corporate and Grand Island) witnesses, and/or 30(b)(6) witnesses." (Filing 76-1 at CM/ECF p. 3) (emphasis added.) Defendant maintains that it should be allowed to depose Ayan Aden, Mohamud Einab and Hodan Ibrahim as "co-worker" witnesses. However, the court disagrees with Defendant's contention that the proposed deponents qualify as "co-worker" witnesses within the meaning of the bifurcation agreement.

The purpose of the bifurcation agreement was to limit the number of aggrieved employees who could be deposed during Phase I of this litigation and contemplates that the depositions of aggrieved individuals be limited to those who intervened in the suit. Contrary to Defendant's position, the agreement does not contemplate that "co-workers" include aggrieved individuals who have a stake in the litigation. The fact that Union and co-worker witnesses are grouped together in the same sentence indicates the parties' intention that co-worker witnesses, like Union witnesses, are to be third-party individuals who may have information bearing on whether Defendant engaged in a pattern or practice of discrimination against Somali Muslim employees, not aggrieved employees who themselves were allegedly discriminated against. This intent is made more apparent by the categorization of "non-

aggrieved Somali Muslim employees" as additional witnesses who may be deposed in Phase I.

Moreover, Defendant has not shown good cause to depose Ayan Aden, Mohamud Einab and Hodan Ibrahim at this time. Although these individuals' testimony is relevant to the issues involved in this action, Defendant agreed to limit the scope of discovery in Phase I to aggrieved employees who have intervened in the suit. Aside from relevancy, Defendant has not offered any legitimate justification for deposing these individuals at this stage. Defendant will have the opportunity to depose Ayan Aden, Mohamud Einab and Hodan Ibrahim during Phase II of this litigation, should it still desire to do so.

**IT IS ORDERED:**

1. Plaintiffs' Motion for Protective Order (filing 168) is granted.

2. Defendant may not depose Ayan Aden, Mohamud Einab and Hodan Ibrahim during Phase I of this litigation.

**DATED December 7, 2011.**

                                      **BY THE COURT:**

                                      S/ F.A. Gossett
                                      **United States Magistrate Judge**