# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. 8:10CV318 |
| Plaintiff, | |
| ABDI MOHAMED, et al., | |
| Plaintiff/Intervenors, | MEMORANDUM AND ORDER |
| FARHAN ABDI, et al., | |
| Plaintiff/Intervenors, | |
| v. | |
| JBS USA, LLC f/k/a JBS SWIFT & CO., a/k/a SWIFT BEEF COMPANY, | |
| Defendant. | |

This matter is before the Court on the Statement of Objections (Filing No. 178) filed by the Defendant, JBS USA, LLC, to the order (Filing No. 174) entered by Magistrate Judge F.A. Gossett granting the Plaintiff's and Plaintiff/Intervenors' motion for a protective order barring the Defendant from deposing Ayan Aden, Mohamud Einab, and Hodan Ibrahim.

## FACTUAL BACKGROUND

The Plaintiff Equal Employment Opportunity Commission ("EEOC") alleged in its Complaint that JBS engaged in a pattern or practice of discrimination against its Somali Muslim employees at its Grand Island, Nebraska facility. In its Amended Complaint, the

EEOC identified 153 individuals for whom it seeks relief. Two groups of allegedly aggrieved employees filed Complaints in intervention.[1]

The EEOC sought to bifurcate the proceedings. However the parties entered into a bifurcation agreement ("agreement") that Judge Gossett adopted and approved. The agreement divided the discovery phase and trial into two phases: Phase I addresses the pattern or practice claims; and Phase II relates to individual claims and relief. The agreement stated the following, in pertinent part, with respect to depositions:

> (1) Defendant may depose up to 10 "aggrieved employees," as defined in the EEOC's First Amended Complaint and who are Intervenors in this suit, selected by Plaintiffs as those upon whom they will rely to prove their pattern or practice claims. Defendant may depose up to 10 "aggrieved employees," as defined in the EEOC's First Amended Complaint and who are Intervenors in this suit, selected by Defendant. *Defendant may depose any combination of up to 10 of the following additional non-expert witnesses, including* non-aggrieved Somali Muslim employees who worked at the Grand Island, Nebraska facility during the relevant time period, non-employee witnesses, Union and *co-worker witnesses*, management (corporate and Grand Island) witnesses, and/or 30(b)(6) witnesses.
>
> . . . .
>
> (3) *Additional depositions may be taken upon* written consent of all parties or *leave of Court upon a showing of good cause*. Any party may seek written consent or leave of court to depose affiants of statements submitted in support of or opposition to a dispositive motion. No party waives the right to object to depositions or discovery.

(Filing No. 76-1, at 3 (emphasis added).)

JBS served deposition notices for three individuals: Ayan Adan; Mohamud Einab; and Hodan Ibrahim. All three persons are "aggrieved employees" as defined in the

---

[1] The EEOC and both groups of Plaintiff/Intervenors are hereinafter referred to collectively as "Plaintiffs."

Amended Complaint, and the EEOC seeks relief on their behalf. However, they have not intervened in this case.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A), the Court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Judge Gossett concluded that the agreement "does not contemplate taking the depositions of these individuals during Phase I of the litigation and that Defendant has not shown good cause to do so." (Filing No. 174, at 3.) Judge Gossett reasoned that the intent of the agreement in using the term "co-workers" was not to include aggrieved individuals with a stake in this litigation. Rather, Judge Gossett found that the word "co-workers" refers to "third-party individuals who may have information bearing on whether Defendant engaged in a pattern or practice of discrimination against Somali Muslim employees, not aggrieved employees who themselves were allegedly discriminated against." (*Id.*) Additionally, Judge Gossett stated that JBS had not shown good cause to depose the three individuals at this stage of the litigation. Judge Gossett noted that while the deposition testimony would be relevant, JBS agreed to limit the scope of discovery in Phase I to aggrieved employees who have intervened. Finally, Judge Gossett noted that JBS may depose the three individuals during Phase II of this litigation.

**Language of the Bifurcation Agreement**

In objecting to Judge Gossett's order, JBS argues that Judge Gossett misinterpreted the bifurcation agreement and the discovery should be allowed under Federal Rule of Civil Procedure 26(b)(1), which broadly allows for discovery of nonprivileged, relevant matters. In seeking to preclude JBS from deposing the three individuals, Plaintiffs argue that JBS is precluded from deposing them under the plain language of the agreement. Plaintiffs reason that the three individuals have not intervened, and the agreement states that JBS may depose up to 10 "aggrieved employees" who are intervenors.

The Court agrees with Judge Gossett that "[t]he fact that Union and co-worker witnesses are grouped together in the same sentence indicates the parties' intention that co-worker witnesses, like Union witnesses, are to be third-party individuals who may have information bearing on whether Defendant engaged in a pattern or practice of discrimination against Somali Muslim employees, not aggrieved employees who themselves were allegedly discriminated against." (*Id.*)  This interpretation of the agreement is well-reasoned and is not clearly erroneous. JBS's interpretation makes little, if any, sense within the context of the entire section relating to depositions.

**Good Cause**

In its Statement of Objections, JBS argues that good cause for allowing the depositions exists because, if the depositions are not allowed, it will be prevented from deposing the entire group of non-intervening, aggrieved co-workers. However, JBS ignores the fact that it may depose such individuals during Phase II of the litigation.

**Protective Order**

JBS argues that grounds under Federal Rule of Civil Procedure 26(c)(1) do not support the entry of a protective order under the circumstances presented. Rule 26(c)(1) allows a court to enter a protective order for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The rule lists eight nonexhaustive types of protective orders that may be entered. Fed. R. Civ. P. 26(c)(1)(A)-(H). In interpreting the rule, "[i]t is impossible to set out in a rule all of the circumstances that may require limitations on discovery," and "[t]he rules . . . leave it to the enlightened discretion of the district court to decide what restrictions might be necessary in a particular case." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2036, at 163 (3d ed. 2010). Under the circumstances, Judge Gossett acted within his discretion in granting the motion for a protective order.

## CONCLUSION

For the reasons discussed, the Court concludes that the Magistrate Judge's order is not clearly erroneous or contrary to law.

IT IS ORDERED:

1. The Defendant's Statement of Objections to the Magistrate Judge's order (Filing No. 178) are overruled; and

2. The Magistrate Judge's order (Filing No. 174) is affirmed.

DATED this 4th day of January, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge