# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 8:10CV00318 |
| Plaintiff, | |
| ABDI MOHAMED, et. al., | **STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY** |
| Plaintiff/Intervenors, | |
| and | |
| FARHAN ABDI, et. al., | |
| Plaintiff/Intervenors, | |
| vs. | |
| JBS USA, LLC, f/k/a JBS SWIFT & CO., a/k/a SWIFT BEEF COMPANY, | |
| Defendant. | |

This matter comes before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order Regarding Discovery (filing 195). The Court has reviewed the Motion. The parties have shown good cause in support of the entry of a stipulated protective order to protect the discovery and dissemination of confidential information.

Accordingly

**IT IS ORDERED:**

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to request for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P.34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "expert" is defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its Counsel to serve as an expert witness or as a expert consultant in this action; (2) is not a former (last two years) employee or current employee of Defendant or Defendant's competitor ("competitor" refers to any entity with at least 500 employees engaged in the same or similar business as Defendant); (3) at the time of retention, is not anticipated to become an employee of Defendant, Defendant's competitor, or the EEOC; and (4) includes those persons already named as of the date of the filing of this Stipulated Protective Order by the parties as their respective retained experts, regardless of any limitations set forth in 3(1)-(3), above, including Gwendolyn Combs, Kevin McCullough, Kathleen Moore, Peter Hurtgen, Liyakat Takim, and Paul S. Adams.

4. Information designated "CONFIDENTIAL" shall be information that implicates common law and statutory privacy and/or confidentiality interests such as: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets and/or proprietary, information that is either privileged or confidential by law or agreement, and (c) Plaintiff/intervenors', aggrieved employees' and other individuals' social security numbers, and immigration, medical, financial, marital, familial, child custody, criminal, and tax information and records. CONFIDENTIAL or SECRET information shall not be disclosed or used for any purpose except for the preparation and trial of this case or as otherwise ordered by the Court.

5. Information designated "SECRET" shall be extremely sensitive confidential information, the disclosure of which could create a substantial risk of serious harm to Defendant that cannot be avoided by less restrictive means, and shall include, but not be limited to: (a) daily production numbers; (b) production line chain speeds; and (c) target production numbers at the Grand Island, Nebraska, facility, and any other Defendant facilities. SECRET information shall not be disclosed or used for any purpose except for the preparation and trial of this case or as otherwise ordered by the Court.

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case and on the case captioned *EEOC and Iraq Abade et al. v. JBS USA, LLC d/b/a JBS Swift & Company,* Civil Action No. 10-cv-2103-PAB-KLM in the Federal District Court for the District of Colorado;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case including law student interns;

(c) the parties, including the designated representatives for Defendant, and aggrieved employees for whom the EEOC is seeking relief;

(d) expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for discovery, deposition, preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters and videographers who are engaged in proceedings such as depositions necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses to the extent such disclosure is necessary for discovery, deposition, preparation, trial, or other proceedings in this case; and

(h) other persons by written agreement of parties or order of the Court.

7. SECRET documents, materials, and/or information (collectively SECRET information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case and the case captioned *EEOC and Iraq Abade et al. v. JBS USA, LLC d/b/a JBS Swift & Company,* Civil Action No. 10-cv-2103-PAB-KLM in the Federal District Court for the District of Colorado;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case including law student interns;

(c) expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for discovery, deposition, preparation, trial, or other proceedings in this case;

(d) the Court and its employees ("Court Personnel");

(e) stenographic reporters and videographers who are engaged in proceedings such as depositions necessarily incident to the conduct of this action;

 (f) Defendant's current high-level managers and Defendant's former high-level managers to the extent such disclosure is necessary for discovery, deposition, preparation, trial, or other proceedings in this case;

 (g) witnesses who are current or former supervisors of Defendant to the extent such witnesses are likely to have personal knowledge of the SECRET information and disclosure is necessary for taking or defending their depositions; and

 (h) other persons by written agreement of parties or order of the Court.

 8. Prior to disclosing any CONFIDENTIAL or SECRET information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters, and videographers), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's written agreement to comply with the Protective Order by having the person sign the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A.

 9. Documents are designated as CONFIDENTIAL or SECRET by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL" or "SECRET".

 10. Before any information is designated "CONFIDENTIAL" or "SECRET", counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed.R.Civ.P.26(c).

 11. Whenever a deposition involves the disclosure of CONFIDENTIAL or SECRET information, the deposition or portions thereof shall be designated as CONFIDENTIAL or SECRET and shall be subject to the provisions of this Protective Order.  Such designation shall

be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or SECRET after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Such written notification shall include specific pages and line numbers of the deposition transcript so designated CONFIDENTIAL or SECRET. Any party may object to such designation as set forth below or move the Court for an order removing such designation.

12. Documents containing CONFIDENTIAL or SECRET information that are used as deposition exhibits shall be subject to this Stipulated Protective Order. Each court reporter shall be instructed by the designating counsel to place the original deposition exhibit containing CONFIDENTIAL or SECRET information in a sealed envelope with the legend "CONFIDENTIAL/SECRET -- not to be opened except by written stipulation between the parties or by order of the Court." A party also may during the deposition or within thirty days (30) days after notice by the court reporter of the completion of the transcript, notify the other parties in writing that it is designating as CONFIDENTIAL or SECRET any deposition exhibit, or part thereof, that the party believes to be subject to the terms of this Stipulated Protective Order. Any party may object to such designation as set forth below or move the Court for an order removing such designation.

13. A party may object to the designation of particular information as CONFIDENTIAL or SECRET by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the date upon which the notice is received, or a longer time if agreed upon by all parties, then it shall be the obligation

of the party designating the information as CONFIDENTIAL or SECRET to file an appropriate motion, within thirty (30) days of the date upon which such notice is received, or a longer time if agreed upon by all parties, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, then the disputed information shall be treated as CONFIDENTIAL or SECRET under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or SECRET and shall not thereafter the treated as CONFIDENTIAL or SECRET in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or SECRET shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or SECRET.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designed as CONFIDENTIAL or SECRET shall be returned to the party that designated it CONFIDENTIAL or SECRET, or the parties may elect to destroy CONFIDENTIAL or SECRET documents, consistent with applicable state professional responsibility rules on file retention and destruction. Where the parties agree to destroy CONFIDENTAL or SECRET documents, the destroying party shall provide all parties with an affidavit confirming the destruction. This paragraph 10 shall not apply to the EEOC, which is required to retain and archive records in accordance with the Federal Records Act.

15. This Protective Order may be modified at any time for good cause shown following notice to all parties and an opportunity for them to be heard or as otherwise permitted by the Court and applicable Rules of Civil Procedure.

**DATED January 30, 2012.**

                                             **BY THE COURT:**

                                             **S/ F.A. Gossett**
                                             **United States Magistrate Judge**

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety, or it has been read to me in my native language, and understand the STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY (the "Stipulated Protective Order") that was entered by the United States District Court for the District of Nebraska on [date] in the case of *EEOC, et. al, v. JBS*, 10-318.

I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or items that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date:_____          _____
                                      Signature

_____       _____
City & State where sworn and signed   Printed Name