## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV318 |
| V. | ) ) | |
| JBS USA, LLC, | ) ) | ORDER |
| Defendant. | ) ) | |

This matter is before the Court on the Equal Employment Opportunity Commission's (the "EEOC") and Plaintiff/Intervenors' (collectively referred to herein as "Plaintiffs") Motion to Strike Expert Witness for Failure to Disclose (filing 260). Plaintiffs request that the Court strike Defendant's expert witness, Dr. Mark Grey, arguing that Dr. Grey was not timely disclosed. For the reasons set forth below, Plaintiffs' motion will be denied.

### BACKGROUND

On April 18, 2011, the Court entered an Initial Progression Order (filing 77) directing Plaintiffs to identify the expert witnesses that they expected to testify at trial by October 3, 2011. The Order directed Defendant to identify its expert witnesses by November 11, 2011. (*Id.*) Plaintiffs' Fed. R. Civ. P. 26(a)(2) expert reports were due by June 15, 2012, and Defendant's expert reports were to be filed by July 15, 2012. (Filing 203.)

In accordance with the Progression Order, on October 3, 2011, Plaintiffs identified the experts that they expected to call as witnesses at trial. (Filing 273-2.) Plaintiffs identified Kathleen Moore, a professor of religious studies, as an expert on the subject of Somali Muslim beliefs and practices. (*Id.*) Plaintiffs also identified Gwendolyn Combs, to testify regarding "employee and labor relations, human resources, [and] workplace accommodations," and Kevin McCullough, to testify on the subject of "meat-packing industry management and operations, [and] workplace accommodations." (*Id.*)

On November 11, 2011, Defendant identified three expert witnesses. (Filing 262-2.) Defendant did not identify Dr. Grey as an expert. (*Id.*)  In its expert witness disclosure, Defendant stated, however, that it "reserve[d] the right to identify additional experts in rebuttal to Plaintiffs' experts Ms. Gwendolyn Combs and/or Mr. Kevin McCullough once Plaintiffs provide complete disclosure information for these individuals pursuant to Fed. R. Civ. P. 26(a)(2)(B)." (Filing 262-2.) Defendant explained that it was "unable to evaluate the need for, or specific subjects of, rebuttal expert testimony prior to receiving the written reports and other disclosures required under Rule 26(a)(2)(B)." (*Id.*)

On June 15, 2012, Plaintiffs provided Defendant with the Rule 26(a)(2) expert witness reports prepared by Ms. Combs and Mr. McCullough. (Filings 273-4 & 273-5.) According to Defendant, on June 22, 2012, Defendant retained Dr. Grey to provide rebuttal expert testimony and, on July 13, 2012, two days before the deadline for Defendant to produce its expert reports, Defendant provided Plaintiffs with Dr. Grey's report. (Filings 273-6 & 273-7.)

Subsequent to the filing of this motion to strike, Plaintiffs deposed Dr. Grey in Des Moines, Iowa. (Filing 280.) In the deposition, Dr. Grey testified that he was contacted by Defendant approximately one year to eighteen months ago regarding the possibility of serving as an expert witness in this case. (*Id.*)

## ANALYSIS

Pursuant to Fed. R. Civ. P. 37, if a party fails to provide information or identify a witness as required by Fed. R. Civ. P. 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. Plaintiffs contend that Dr. Grey should be stricken as an expert witness because Defendant failed to identify Dr. Grey in its expert witness disclosure which, under the Progression Order, was due on November 11, 2011.

Defendant disputes that its disclosure of Dr. Grey was untimely. Defendant argues

2

that on November 11, 2011, it identified the expert witnesses that it *expected* to testify at trial, as required by the Progression Order. Defendant asserts that it was not until it received Plaintiffs' expert reports on June 15, 2012, that it realized the need for Dr. Grey's testimony. Defendant contends that upon receipt of Plaintiffs' expert reports, it became aware that the nature of Plaintiffs' experts' testimony was different than it had anticipated. As a result, Defendant identified Dr. Grey to rebut the testimony of Plaintiffs' experts. Defendant points out that in its initial witness disclosure, it specifically reserved the right to disclose additional experts, if necessary, upon receipt of Plaintiffs' expert reports. Defendant also argues that even if Dr. Grey was disclosed late, the tardy disclosure was both harmless and substantially justified.

Based on the record presented, the Court declines to strike Dr. Grey as an expert witness. It does not appear that Plaintiffs have been prejudiced through the timing of Dr. Grey's disclosure. Plaintiffs have been aware since November, 2011, that Defendant could potentially identify rebuttal experts after receiving Plaintiffs' expert reports. Plaintiffs have received Rule 26(a)(2) disclosures concerning Dr. Grey and Plaintiffs have already tendered an expert witness report in rebuttal to Dr. Grey's expert opinion. (273-8.) Additionally, Plaintiffs were able to depose Dr. Grey on August 29, 2012 - far in advance of trial. In short, Defendant's failure to identify Dr. Grey in its initial expert disclosure was harmless.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Strike Expert Witness for Failure to Disclose (filing 260) is denied.

**DATED October 3, 2012.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**