# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | 8:10CV318 |
| **V.** | ) ) | |
| **JBS USA, LLC,** | ) ) | **ORDER** |
| **Defendant.** | ) ) ) | |

This action involves allegations by the Equal Employment Opportunity Commission ("EEOC") that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC alleges that Defendant engaged in a pattern or practice of discrimination by unlawfully denying reasonable religious accommodation to its Somali Muslim employees and unlawfully terminating its Somali Muslim employees because of their religion, national original and in retaliation for their requests for religious accommodation and their complaints of denied religious accommodation. Plaintiff-Intervenors Farhan Abdi, *et al.* ("Plaintiff-Intervenors"), a number of Defendant's current and former Somali Muslim employees, intervened in this suit, maintaining that Defendant engaged in discriminatory employment practices, including failing to make reasonable accommodations for their religious practices, subjecting them to a hostile work environment, and/or discharging them from employment based on their race, national origin, and/or religion, and in retaliation for their exercise of rights under federal law.

Plaintiff-Intervenors have filed a motion to quash or modify a subpoena served upon non-party, Rima Kapitan ("Kapitan") (filing 233), as well as a motion for protective order barring Defendant from deposing Kapitan (filing 236). Plaintiff-Intervenors contend that Defendant should be prohibited from deposing Kapitan because Kapitan is a former staff attorney of the Council on American-Islamic Relations - Chicago office ("CAIR-Chicago"), the firm representing Plaintiff-Intervenors in this case. Plaintiff-Intervenors assert that from

approximately 2007 to 2009, Kapitan represented Defendant's Muslim employees in negotiations with Defendant in an attempt to obtain Defendant's cooperation in enforcing the employees' rights pursuant to the religious accommodation provisions of Title VII and in preparing a charge for the Equal Employment Opportunity Commission ("EEOC"). Plaintiff-Intervenors maintain that: (1) the information Defendant seeks through Kapitan's deposition is protected under Fed. R. Evid. 408; (2) deposing Kapitan would contravene Fed. R. Civ. P. 26(b); (3) Kapitan's deposition is barred by Fed. R. Civ. P. 45(c)(3)(iii); and (4) Defendant is improperly attempting to obtain information protected by the attorney-client privilege and work product doctrine.

Defendant counters, arguing that Kapitan is a significant fact witness who was directly involved in 2007 events which underlie claims asserted in this lawsuit. In particular, Defendant asserts that Kapitan has non-privileged, factual knowledge concerning information provided to Defendant regarding the tenets of Islam, which subsequently guided Defendant's actions during 2007 and Ramadan 2008. Defendant claims that Kapitan's factual representations about the tenets of Islam, prayer requirements and the accommodation requests of Muslim employees at the time are integral to Defendant's defenses. Further, Defendant maintains that Kapitan did not have an attorney-client relationship with Plaintiff-Intervenors in 2007 - the time period about which Defendant seeks to depose Kapitan.

For the reasons expressed below, the Court declines to issue a protective order barring Defendant from deposing Kapitan. The Court will, however, impose limits on the areas of inquiry during such deposition.

## ANALYSIS

### I.   Motion for Protective Order

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, the court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," including "forbidding

2

the disclosure of discovery [and] forbidding inquiry into certain matters." *Id*. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Plaintiff-Intervenors argue that Defendant is imposing an undue burden upon them in attempting to depose Kapitan, as the information sought is protected by the attorney-client privilege and, even if relevant, is available from other sources. Plaintiff-Intervenors point out that courts have limited the practice of deposing opposing counsel to very specific situations. In *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). the Eighth Circuit Court of Appeals found that to depose the attorney, the party seeking to take the deposition must show "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id*. (internal citation omitted). The Eighth Circuit has further stated that the *Shelton* test imposes a difficult burden intended to guard against the "harassing practice of deposing opposing counsel . . . that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729-30 (8th Cir. 2002) (citation omitted).

The problem here, however, is that it is unclear whether an attorney-client relationship existed between Plaintiff-Intervenors and Kapitan in 2007. In accordance with their obligations under Fed. R. Civ. P. 26 to provide Defendant with "a copy . . . of all documents . . . that the disclosing party has in its possession, custody or control and may use to support its claims . . .," Plaintiff-Intervenors produced eighteen pages of 2007 communications to and from Kapitan. These documents primarily consist of letters and emails exchanged between Kapitan and Defendant's representatives regarding ways in which Defendant could accommodate the religious practices of its Somali Muslim employees. Notably, in one of these communications, which is dated June 25, 2007, Kapitan stated that she was not acting as legal counsel for the group of Defendant's employees she was assisting at that time: "The employees we listed have authorized us to act as their 'agent and representative.' At this point there is no attorney-client relationship." (Filing 244-4.) In another of these

communications, Kapitan refers to a meeting that she had with one of Defendant's Human Resource employees without the presence of defense counsel. (*Id.*) Defendant represents that "[i]t is these 2007 communications about which [Defendant] wishes to question Ms. Kapitan." (Filing 243 at pp. 4-5.)

Given the limited information before the Court regarding the relationship between Kapitan and Plaintiff-Intervenors in 2007, the Court will not preclude Kapitan's deposition based on the alleged existence of an attorney-client relationship. The determination as to when an attorney-client relationship developed between Kapitan and Plaintiff-Intervenors can be sorted out at the deposition. Moreover, any questions which Plaintiff-Intervenors believe intrude upon the attorney-client privilege or work product doctrine may be objected to during the deposition.

Additionally, the Court finds that Fed. R. Evid. 408 does not necessitate a protective order. Rule 408 provides that evidence of conduct or statements made in compromise negotiations is inadmissible. Fed. R. Evid. 408. However, while such evidence is inadmissible at trial, it is nonetheless discoverable, provided the information is relevant and reasonably calculated to lead to the discovery of admissible evidence. *See City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 301-02 (D. Kan. 2000) ("Even matter related to settlement negotiations, although barred by Fed. R. Evid. 408 to prove liability at trial, may still be discoverable under Rule 26 if the information sought is 'reasonably calculated' to lead to admissible evidence"). Plaintiff-Intervenors' Rule 26(a) disclosures indicate that Kapitan may have non-privileged factual information relevant to this litigation. As noted by Defendant, Kapitan could possess factual knowledge concerning the information provided to Defendant regarding the tenets of Islam, which Defendant claims guided its actions during 2007 and Ramadan 2008. Therefore, keeping the liberal nature of discovery in mind, Plaintiff-Intervenors' motion for a protective order will be denied.

## II. Motion to Quash or Modify Subpoena

For the reasons explained above, the Court will not quash the subpoena issued on Kapitan. It will, however, limit the topics of inquiry to the 2007 communications Plaintiff-

Intervenors produced pursuant to its Rule 26(a) obligations, including the facts underlying the creation and/or content of these communications and the representations contained therein. In any event, this limitation should be agreeable to Defendant as it has represented to the Court that it only wishes to depose Kapitan regarding these topics. If at any time during the deposition it appears that Defendant is inquiring into areas protected by the attorney-client privilege or work product doctrine, Plaintiff-Intervenors may certainly object to the line of questioning.

Finally, it must be noted that this Court has previously found that Plaintiff-Intervenors' participation in Phase I of this suit, as defined by the parties' Bifurcation Agreement, is limited to the role of fact witnesses. However, on account of Plaintiff-Intervenors' significant interest in this deposition, Plaintiff-Intervenors' full participation in Kapitan's deposition is warranted.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff-Intervenors Farhan Abdi, *et al.*, Motion for a Protective Order Barring Defendant from Taking Deposition of Former Counsel Rima Kapitan ([filing 236](#)) is denied.

2. Plaintiff-Intervenors Farhan Abdi, *et al.*, Motion to Quash or Modify Subpoena for Rima Kapitan ([filing 233](#)) is granted, in part, as set forth above.

**DATED October 5, 2012.**

        **BY THE COURT:**

        S/ F.A. Gossett
        **United States Magistrate Judge**