IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV318 |
| V. | ) ) | ORDER |
| JBS USA, LLC, | ) ) ) | |
| Defendant. | ) ) | |

    This action involves a claim by the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") that Defendant JBS USA engaged in a pattern or practice of discrimination against its Somali Muslim employees at its Grand Island, Nebraska facility.

    On August 16, 2012, Plaintiff noticed the deposition of Wesley Batista ("Batista"). ([Filing 269](Filing 269).) Batista is the former President and CEO of Defendant JBS USA and is currently the CEO of JBS SA, Defendant's Brazilian parent company. Batista resides in Sao Paolo, Brazil. On September 10, 2012, Defendant filed a motion for a protective order, seeking to preclude Plaintiff from deposing Batista. ([Filing 289.](Filing 289.)) Defendant argues that Batista's "apex" deposition should be barred because he is a high-level corporate officer who has no unique, first-hand, non-repetitive information concerning the facts at issue in this case. Further, Defendant maintains that even if Batista possesses some marginally relevant information, the burden and expense of conducting his deposition outweighs any benefit that could be gained from his testimony.

    Opposing the motion, Plaintiff, citing a Harvard Business School Case Study, argues that Batista has the reputation of being an extremely hands-on manager and that there is no way that Batista has no knowledge regarding the significant labor disputes underlying this action. Plaintiff further contends that if Batista truly knows nothing about the events leading up to this action, his lack of knowledge weakens or eliminates Defendant's defense that the religious accommodations were a matter of financial concern to Defendant.

The Court has considered the parties' arguments and finds that Defendant's request for a protective order should be denied and that Plaintiff should be allowed to proceed with the deposition.

## ANALYSIS

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, the court may issue a protective order to prevent or limit discovery in order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. *Id*. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Defendant maintains that a protective order is warranted under the "apex" deposition rule. The apex deposition rule is "aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head - the top official, not because of any special knowledge of, or involvement in, the matter in dispute." Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 126 (D. Md. 2009). The rule is "intended to protect busy, high-level executives who lack unique or personal knowledge and is bottomed on the apex executive lacking *any* knowledge of relevant facts." Raml v. Creighton University, No. 8:08CV419, 2009 WL 3335929, *2 (D. Neb. Oct. 15, 2009) (internal quotation and citation omitted) (emphasis in original).

Given the circumstances presented in this case, the Court will permit Batista's deposition to go forward. The information before the Court indicates that Batista is not an executive whose only connection with the matter is the fact that he was Defendant's CEO. During the course of this litigation, Plaintiff deposed Jack Shandley ("Shandley"), Defendant's Vice President Of Human Resources from 2000 until November 2008. Shandley acknowledged that Batista was briefed and updated about events occurring at the Grand Island facility. Shandley also testified that Batista may have offered Shandley opinions regarding the situation. The labor disputes involving Defendant were significant. It seems very likely that Batista, as CEO, would have relevant information regarding these disputes. Therefore, Defendant's motion for a protective order will be denied. The Court recognizes,

however, that Batista's residence in Brazil may cause difficulty. Therefore, should Defendant so desire, Batista's deposition may proceed by telephone or video-conferencing.

**IT IS ORDERED** that Defendant's motion for a protective order barring the deposition of Wesley Batista (filing 289) is denied.

**DATED October 29, 2012.**

                                         **BY THE COURT:**

                                         **S/ F.A. Gossett**
                                         **United States Magistrate Judge**