# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. 8:10CV318 |
| Plaintiff, | |
| ABDI MOHAMED, et al., | |
| Plaintiff/Intervenors, | MEMORANDUM AND ORDER |
| FARHAN ABDI, et al., | |
| Plaintiff/Intervenors, | |
| v. | |
| JBS USA, LLC f/k/a JBS SWIFT & CO., a/k/a SWIFT BEEF COMPANY, | |
| Defendant. | |

This matter is before the Court on the Plaintiff EEOC's Statement of Objections to the September 28, 2012, Order of the Magistrate Judge Precluding Intervenors from Participating as Parties in Phase I (Filing No. 305).

## PROCEDURAL BACKGROUND

The Plaintiff Equal Employment Opportunity Commission ("EEOC") alleged in its Complaint that Defendant JBS USA, LLC ("JBS"), engaged in a pattern or practice of discrimination against its Somali Muslim employees at its Grand Island, Nebraska, facility. In its Amended Complaint, the EEOC identified 153 individuals for whom it seeks relief. Two groups of allegedly aggrieved employees filed Complaints in intervention, but no class has been certified pursuant to Fed. R. Civ. P. 23.

On April 15, 2011, the parties entered into a bifurcation agreement that Magistrate Judge Gossett adopted and approved (Filing No. 76-1). The agreement divided the

discovery and trial into two phases: Phase I relates to pattern-or-practice claims to be addressed using the *Teamsters* method of proof[1]; and Phase II relates to individual claims and relief. JBS moved for an order precluding the Intervenors from participating as parties in Phase I of the proceedings, and Judge Gossett granted that motion. The EEOC now objects, arguing that the Intervenors may be prejudiced by legal or factual matters determined in Phase I, and will not be able to seek fees and expenses for the considerable time and effort they have invested in Phase I discovery if the EEOC prevails on any of the pattern-and-practice claims in Phase I. JBS contends that the EEOC has no standing to object on behalf of the Intervenors, and that Judge Gossett's Order is correct.

The Intervenors filed a Notice of Consent (Filing No. 319), joining in the EEOC's reply brief (Filing No. 318), and this Court interprets the Intervenors' Notice as a response to JBS's argument that the EEOC lacks standing to object on the Intervenors' behalf, and an attempt to join the EEOC's Motion.

**STANDARD OF REVIEW**

In an appeal from a magistrate judge's order on a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. *Id.* The EEOC suggests that this Court's review of the Magistrate Judge's Order should be *de novo*, under Fed. R. Civ. P. 72(b)(3), because the Order disposes of certain claims.

---

[1] So called for the decision in *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324 (1977), laying out a framework for analysis of claims when the government seeks to remedy systematic practices of employment discrimination.

The Court will apply a *de novo* standard of review, acknowledging that the Magistrate Judge's Order may dispose of certain claims brought by the EEOC on behalf of individuals under 42 U.S.C. § 2000e-5(f)(1), section 706 of the Civil Rights Act of 1964 ("Section 706"), though the individual claimants may seek back pay, compensatory damages, punitive damages, and attorney fees on their own behalf in Phase II.

## DISCUSSION

The *Teamsters* method of proof is employed when the EEOC institutes proceedings pursuant to 42 U.S.C. § 2000e-6, section 707 of the Civil Rights Act of 1964 ("Section 707"), alleging defendants have engaged in a pattern or practice of civil rights violations. It is recognized that there is a split of authority among courts regarding whether the EEOC may employ the *Teamsters* method of proof, rather than the *McDonnell Douglas*[2] framework, when the EEOC proceeds under Section 706.

The EEOC points this Court to a recent Sixth Circuit panel decision in which the majority held that "the district court erred in concluding that the EEOC may not pursue a claim under the *Teamsters* pattern-or-practice framework, pursuant to its authority vested in § 706 of Title VII." *Serrano v. Cintas Corp*. Nos. 10-2629, 11-2057, 2012 WL 5458182, at *8 (6th Cir. Nov. 9, 2012). The EEOC also cites three earlier decisions suggesting that the *Teamsters* method of proof may be available to the EEOC in Section 706 proceedings: *EEOC v. Int'l Profit Assocs., Inc.*, No. 07 C 4427, 2007 WL 844555 (N.D. Ill. Mar. 16, 2007); *EEOC v. Scolari Warehouse Mkts., Inc.*, 488 F. Supp. 2d 1117 (D. Nev. 2007); and *EEOC v. Monarch Machine Tool Co.*, 737 F.2d 1444, 1449 (6th Cir. 1980).

---

[2] So named for *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Magistrate Judge Gossett adopted the reasoning of the U.S. District Court for the District of Colorado, holding that the *Teamsters* method of proof is applicable only when Section 707 claims are presented, and not when Section 706 claims are at issue.  See *EEOC v. JBS USA, Inc.*, No. 10-cv-2103, 2011 WL 3471080, at *4 (D. Colo. Aug. 8, 2011) (involving facts, claims, and parties virtually identical to those presented here, but relying in part on the very recently vacated decision of *Serrano v. Cintas Corp.*, 711 F. Supp. 2d 782 (E.D. Mich. 2010)).  Magistrate Judge Gossett concluded that the better-reasoned authority was that the *McDonnell Douglas* framework, and not the *Teamsters* method of proof, applies to claims presented under Section 706.

JBS argues that whether or not the EEOC may pursue claims under the *Teamsters* pattern-or-practice framework pursuant to its Section 706 authority, the Intervenors have no right to participate in the Phase I proceedings, because they are pursuing individual claims and are not representing any class.

This Court looks to Eighth Circuit precedent for guidance, and is bound to follow such precedent.  In *Craik v. Minn. State Univ. Bd.*, 731 F.2d 465 (8th Cir. 1984), the Eighth Circuit stated:

> In *McDonnell Douglas Corp. v. Green*, . . . the Court prescribed a model for the establishment of a prima facie case in "private, non-class" Title VII actions[.]
> . . . .
> On the other hand, for cases brought by private plaintiffs or by the government on behalf of many employees, charging that an employer engaged in discriminatory practices throughout most or all of its operations, the Supreme Court in [*Teamsters*] prescribed a different order of proof.

731 F.2d at 469-70.

The Intervenors' claims are private, non-class Title VII actions and must proceed pursuant to the *McDonnell Douglas* burden-shifting framework. This Court reads the second part of the above excerpt to mean that "for cases brought by private plaintiffs . . . on behalf of many employees," *i.e.* class actions, asserting pattern-or-practice claims, the *Teamsters* framework will apply, as it will in "cases brought by . . . the government [EEOC or Attorney General] on behalf of many employees" asserting pattern-or-practice claims.

The Intervenors' have no statutory or contractual right to participate as parties in Phase I of these proceedings.

Accordingly,

IT IS ORDERED:

1. The Plaintiff EEOC's Statement of Objections to the September 28, 2012, Order of the Magistrate Judge Precluding Intervenors from Participating as Parties in Phase I (Filing No. 305) is overruled; and

2. The Magistrate Judge's Order (Filing No. 296) is affirmed.


DATED this 26th day of November, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge