IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV318 |
| V. | ) ) | |
| JBS USA, LLC, | ) ) | ORDER |
| Defendant. | ) ) ) | |

Plaintiff Equal Employment Opportunity Commission (the "EEOC") has filed a motion requesting that the Court strike the Supplement to the Expert Report and Deposition Testimony of Defendant's Expert Mark Grey, Ph.D. (the "Supplement") pursuant to Fed. R. Civ. P. 37(c)(1). (Filing 374.) The Final Progression Order for Phase I of this litigation required Defendant to serve all opposing parties with its statement of expert witnesses no later than July 15, 2012 (filing 228) and the deposition deadline in this case was November 21, 2012. (Filing 309.) Defendant served Dr. Grey's expert report on July 13, 2012 (filing 246), and Dr. Grey's deposition was taken on August 29, 2012. Defendant served the Supplement on November 20, 2012, one day before the deposition deadline. (Filing 336.)

### DISCUSSION

The EEOC contends that the Supplement should be stricken pursuant to Fed. R. Civ. P. 37(c)(1) because it was untimely and improperly attempts to bolster Dr. Grey's credibility and cure deficiencies in his initial expert report and deposition testimony. The EEOC argues that Dr. Grey may not supplement his expert report based on information that was available to him before the deadline for filing expert reports.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless."

Fed. R. Civ. P. 37(c)(1).  "Substantial justification exists where there is an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule."  *Walsh v. Union Pacific Railroad Company*, No. 8:06CV331, 2007 WL 1959257, *1 (D. Neb. July 3, 2007) (quotation and citation omitted).

Having reviewed the matter, the Court declines to strike the Supplement because any delay by Defendant in providing the information was harmless.  This is not a situation in which an expert's supplement changes his or her earlier position.  For the most part, the Supplement, which consists of only six paragraphs, provides narrow and relatively insignificant information about things Dr. Grey was unable to recall during his deposition.  For instance, Paragraph 1 identifies the name of a child custody case in which Dr. Grey served as an expert witness.  (Filing 376-1.)  There is no evidence that either Defendant or Dr. Grey purposely withheld information or acted in bad faith.  Moreover, if necessary, there is sufficient time for the parties to reconvene Dr. Grey's deposition regarding the limited information set forth in the Supplement in advance of trial.  In sum, the Court finds that any delay in providing the Supplement was harmless and did not prejudice the EEOC.  Therefore, the EEOC's motion to strike will be denied.[1]

**IT IS ORDERED** that Plaintiff EEOC's Motion to Strike (filing 374) is denied.

**DATED February 5, 2013.**

                                          **BY THE COURT:**

                                          S/ F.A. Gossett
                                          **United States Magistrate Judge**

---

[1] The Court recognizes that a motion in limine relating to Dr. Grey's testimony is currently pending before Chief United States District Court Judge Laurie Smith Camp.  (Filing 383.)  Therefore, this Order speaks only to the timing of Dr. Grey's Supplement, not the question of whether Dr. Grey's opinion is admissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).