# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. 8:10CV318 |
| Plaintiff, | |
| ABDI MOHAMED, et al., | |
| Plaintiff/Intervenors, | |
| FARHAN ABDI, et al., | MEMORANDUM AND ORDER |
| Plaintiff/Intervenors, | |
| v. | |
| JBS USA, LLC f/k/a JBS SWIFT & CO., a/k/a SWIFT BEEF COMPANY, | |
| Defendant. | |

This matter is before the Court on six Motions in Limine: (1) the Motion in Limine to Exclude Expert Takim ("Takim Motion") filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") at Filing No. 368, (2) the Motion in Limine to Exclude Expert Hurtgen ("Hurtgen Motion") filed by the EEOC at Filing No. 371, (3) the Motion in Limine to Exclude Expert Skinner ("Skinner Motion") filed by the EEOC at Filing No. 378, (4) the Motion in Limine to Exclude Expert Grey ("Grey Motion") filed by the EEOC at Filing No. 383, (5) the Motion in Limine to exclude certain testimony by the EEOC's experts filed by Defendant JBS USA, LLC ("JBS") at Filing No. 391 ("JBS Motion"), and (6) the Motion in Limine to exclude certain evidence from Phase I of these proceedings ("Phase I Motion") filed by the EEOC at Filing No. 448.

**PROCEDURAL BACKGROUND**

The EEOC has alleged that JBS engaged in a pattern or practice of discrimination against Somali Muslim employees at its Grand Island, Nebraska, facility. In its Amended Complaint, the EEOC identified 153 individuals for whom it seeks relief. Two groups of allegedly aggrieved employees filed Complaints in intervention, but no class has been certified pursuant to Fed. R. Civ. P. 23.

On April 15, 2011, the parties entered into a bifurcation agreement that Magistrate Judge Gossett adopted and approved (Filing No. 76-1). The agreement divided the discovery and trial into two phases: Phase I relates to pattern-or-practice claims to be addressed using the *Teamsters* method of proof[1]; and Phase II relates to individual claims and relief.

On January 11, 2013, after the first five motions in limine were filed, the Court determined that Phase I proceedings will be tried to the Court and not a jury. (Order at Filing No. 403.) Accordingly, the parties' concern about the Court functioning as a gatekeeper[2] to prevent improper expert testimony from reaching a jury in Phase I is no longer at issue. Regardless, the Court will provide some guidance in response to the motions in limine to assist the parties in preparation for the Phase I proceedings.

---

[1] So called for the decision in *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324 (1977), laying out a framework for analysis of claims when the government seeks to remedy systematic practices of employment discrimination.

[2] See *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1998), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

## STANDARD OF REVIEW

Fed. R. Ev. 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue:

(b) the testimony is based on sufficient facts or data;

© the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Ev. 403 provides:

The court may exclude relevant evidence it its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## DISCUSSION

**I. Takim Motion**

The EEOC seeks to preclude JBS from offering the testimony of Islamic studies expert, Dr. Liyakat Takim, suggesting that his opinions are unreliable, prejudicial, and "junk science." The EEOC also expresses concern that Takim will attempt to usurp the function of the Court or the jury.

JBS notes that the EEOC intends to present testimony from its own expert on Islamic studies, Kathleen M. Moore, Ph.D., and JBS asks that she be precluded from offering testimony if Takim's testimony is precluded.

The Court will not preclude, in limine, Takim nor Moore from offering expert testimony about Muslim religious beliefs and practices at the Phase I proceedings. The parties may raise their objections during the course of the proceedings, and the Court will rule on the objections as raised.

## II. Hurtgen Motion

The EEOC seeks to preclude JBS from offering testimony from Peter Hurtgen, an expert in labor law. The EEOC suggests that Hurtgen's testimony would invade the province of the Court and/or jury.

The EEOC is correct that "expert testimony on legal matters is not admissible." *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc*., 320 F.3d 838, 841 (8th Cir. 2003), citing *United States v. Klaphake*, 64 F.3d 435, 438-39 (8th Cir.1995). "Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them." *Id.* Hurtgen will not be permitted to testify about what the law requires, nor will he be permitted to offer any opinion on the ultimate issue of whether JBS complied with the law. He may be permitted to offer testimony about customs and practices in the industry, if relevant.

## III. Skinner Motion

The EEOC seeks to preclude JBS from offering testimony of Heather Skinner, a business analyst employed by JBS. Among other concerns about Skinner's proposed testimony, the EEOC contends that Skinner was not disclosed as an expert witness until July 2012, whereas the deadline for disclosing experts was November 11, 2011.

JBS contends: Skinner is the Director of Finance in their Meat Division; her status as a potential fact witness was disclosed to the EEOC on March 22, 2012; and her status

as a non-retained expert witness was disclosed to the EEOC on July 13, 2012. JBS asserts that the deadline for designation of expert witnesses, with reports where required, was July 15, 2012.

On April 18, 2011, Magistrate Gossett entered an Order for Initial Progression of Case Phase I, which provided in part:

> 4. If expert witnesses are expected to testify at the trial, counsel agree to at least identify such experts, by name and address (i.e., without the full reports required by Rule 26(a)(2)), as follows:
>
> a. Each side shall be limited to no more than five (5) specially retained expert witnesses. Plaintiffs shall identify all experts by **October 3, 2011.** Defendants shall identify all experts and rebuttal experts by **November 11, 2011**. Plaintiffs shall identify any additional rebuttal experts on or before **December 15, 2011.** Expert reports shall be filed on or before **February 15, 2012,** and rebuttal expert reports shall be filed on or before **March 15, 2012.**
>
> b. Plaintiffs may seek an on-site visit/inspection of JBS's Grand Island facility. Upon agreement of the parties or leave of court on good cause shown, any such on-site visit shall be completed on or before **January 15, 2012.**

(Filing No. 77, p. 2, emphasis in original.)

On December 15, 2011, the parties filed a Joint Motion to Extend Expert Deadlines, for the purpose of "extending the deadlines for Plaintiffs to identify rebuttal experts and for both Plaintiffs and Defendant to disclose expert reports." (Filing No. 201 at 1.) The parties noted that they had "timely disclosed their experts," but that the EEOC would not be in a position to designate rebuttal experts until JBS's experts' reports were disclosed. (*Id*. at 2.) Through a text order the following day, Magistrate Judge Gossett granted the motion and extended the EEOC's deadline to disclose expert reports to March 26, 2012; extended JBS's deadline to disclose expert reports to May 7, 2012; and extended EEOC's deadline

5

to designate rebuttal experts and their reports to June 15, 2012.  (Filing No. 176.)  On March 21, 2012, the parties jointly moved for further extensions of time, requesting the following deadlines for expert reports:

> June 15, 2012: Plaintiffs' expert reports
> July 15, 2012: Defendant's expert reports
> August 1, 2012: Plaintiffs' rebuttal expert reports

(Filing No. 201 at 3.)  On March 23, 2012, Magistrate Gossett granted the parties' joint request and extended the deadlines accordingly.  (Filing No. 203.)  On July 2, 2012, following failed efforts at mediation and settlement, and after the parties' further planning conferences with Magistrate Judge Gossett, he issued a new Order Setting Final Schedule for Progression of Phase I Case, in which he addressed deadlines for disclosures of expert witnesses:

> 3. **Disclosure of Expert Witnesses.** Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than **June 15, 2012**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **July 15, 2012**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **August 1, 2012**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

Filing No. 228, p. 2, emphasis in original.

The EEOC argues that the Order of July 2, 2012, simply incorporated the parties' own extended deadlines for submission of expert reports, and was not intended to set new deadlines for disclosure of experts, as JBS now suggests.

If the Order of July 2, 2012, were read in isolation, this Court would agree with the reading suggested by JBS. However, it is clear that the Order incorporated the deadlines earlier suggested by the parties–and granted by Magistrate Judge Gossett–for disclosure of the parties' experts' *reports* and EEOC's rebuttal experts. One of the deadlines in the Order expired two weeks before the issuance of the Order. Reading the series of motions and orders in context, the Order of July 2, 2012, did not extend JBS's deadline for disclosure of its expert witnesses. This Court agrees with the EEOC that JBS's disclosure of Skinner as an expert witness was untimely, and her testimony will be limited to that of a fact witness.

**IV.  Grey Motion**

The EEOC seeks to preclude JBS from calling Dr. Mark Grey as a rebuttal witness at trial, arguing, *inter alia*, that Grey would rebut the testimony of EEOC's expert Kevin McCullough and the EEOC has withdrawn McCullough as an expert in Phase I of the trial. The EEOC's other objections to Grey's testimony are presented to the Court in the context of its gatekeeper function and need not be addressed through an order in limine, because the Phase I proceedings will not involve a jury.

JBS contends that Grey was named as a rebuttal witness not only to rebut the testimony of McCullough, but also to rebut the testimony of EEOC's experts Kathleen Moore and Gwendolyn Combs. The Court will address the EEOC's objections at the time of trial and will not preclude JBS, in limine, from calling Grey as an expert witness.

## V.  JBS Motion

JBS seeks to preclude the EEOC from calling Kathleen M. Moore, Ph.D., Gwendolyn M. Combs, Ph.D., and Kevin McCullough as expert witnesses in the Phase I proceedings.  With respect to McCullough, JBS's motion will be denied as moot.  With respect to Moore and Combs, JBS's objections are presented to the Court in the context of its gatekeeper function and need not be addressed through an order in limine, because the Phase I proceedings will not involve a jury.

## VI.  Phase I Motion

The EEOC seeks to limit the scope of argument and evidence in Phase I proceedings, asserting that argument and evidence on a wide variety of topics would be irrelevant and prejudicial.  JBS responds that it has no intention of offering argument or evidence related exclusively to Phase II of the proceedings, and that the Court can best rule on the relevance and/or prejudicial impact of certain arguments and evidence at the time of trial.

Rather than attempting to rule, in limine, on the relevance and potential prejudicial impact of arguments and evidence in the broad array of topics the EEOC considers objectionable, the Court will address such objections, when and if necessary, at the time of trial.

Accordingly,

1.  The Motion in Limine to Exclude Expert Takim ("Takim Motion") filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") at Filing No. 368 is denied, without prejudice to the EEOC raising its objections at trial;

2.  The Motion in Limine to Exclude Expert Hurtgen ("Hurtgen Motion") filed by the EEOC at Filing No. 371 is granted, in part, as follows: Hurtgen will not be permitted

8

to testify about what the law requires, nor will he be permitted to offer any opinion on the ultimate issue of whether JBS complied with the law, and the Motion is otherwise denied, without prejudice to the EEOC raising its objections at trial;

3. The Motion in Limine to Exclude Expert Skinner ("Skinner Motion") filed by the EEOC at Filing No. 378 is granted, and Skinner's testimony will be limited to that of a fact witness;

4. The Motion in Limine to Exclude Expert Grey ("Grey Motion") filed by the EEOC at Filing No. 383 is denied, without prejudice to the EEOC raising its objections at the time of trial;

5. The Motion in Limine to exclude certain testimony by the EEOC's experts filed by Defendant JBS USA, LLC ("JBS") at Filing No. 391 ("JBS Motion") is denied as moot with respect to the testimony of witness Kevin McCullough and is otherwise denied without prejudice to JBS raising its objections at the time of trial; and

6. The Motion in Limine to exclude certain evidence from Phase I of these proceedings ("Phase I Motion") filed by the EEOC at Filing No. 448 is denied without prejudice to the EEOC raising its objections at the time of trial.

DATED this 9th day of April, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge