IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br> vs.<br><br>JBS USA, LLC,<br><br>    Defendant. | CASE NO. 8:10CV318<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Clarify (Filing No. 517) and Motion for New Trial (Filing No. 524) filed by the plaintiff, Equal Employment Opportunity Commission ("EEOC"). Also before the Court is the Motion for Judgment to be Certified as Final Judgment on Phase I Proceedings (Filing No. 531), and Motion for Attorney Fees, Expert Witness Fees, and Related Nontaxable Expenses (Filing No. 518) filed by the Defendant JBS USA, LLC ("JBS"). For the reasons set forth below, the Motion for Judgment to be Certified will be granted, the Motions for Attorney Fees and for a New Trial will be denied, and the Motion to Clarify will be denied as moot.

## BACKGROUND

This case was bifurcated into two phases. Phase I determined the EEOC's pattern or practice claims, and Phase II will determine the remaining individual claims asserted by the EEOC and Intervenors. (Filing No. 76-1; Filing No. 77.) The facts and legal issues presented by some of the individual claims overlap with the EEOC's pattern or practice claims decided in Phase I, including failure to provide religious accommodation. (*See* Filing No. 91; Filing No. 99; Filing No. 100.) A bench trial was held on May 7, 2013, through May 17, 2013. On October 11, 2013, the Court found in

favor of JBS on Phase I of this matter after granting JBS's Motion for Judgment on Partial Findings under Fed. R. Civ. P. 52(c), concluding that JBS had proved its affirmative defense of undue hardship. (Filing No. 516.) The Court's Findings of Fact and Conclusions of Law (the "Findings") (Filing No. 516) contain a detailed recitation of the Court's factual findings and legal conclusions, and they are incorporated by reference into this Memorandum and Order.

## DISCUSSION

### I. Entry of Final Judgment

#### A. Standard

JBS requests that the Court certify final judgment as to Phase I under Federal Rule of Civil Procedure 54(b). The EEOC opposes certification on several grounds, arguing that the Court should proceed with Phase II. Generally, "only orders that dispose of all claims [are considered] final and appealable under 28 U.S.C. § 1291." *Williams v. County of Dakota, Nebraska,* 687 F.3d 1064, 1067 (8th Cir.2012) (alteration brackets and citation omitted). "Rule 54(b) creates a well-established exception to this rule by allowing a district court to enter a final judgment on some but not all of the claims in a lawsuit." *Id.* (quoting *Clark v. Baka,* 593 F.3d 712, 714 (8th Cir. 2010)). "However, the district court may enter final judgment under this rule 'only if the court expressly determines that there is no just reason for delay.'" *Id.* (quoting Fed.R.Civ.P. 54(b)).

"When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis." *Williams,* 687 F.3d at 1067. First, the district court must "determine that it is dealing with a final judgment ... in the sense that it is an ultimate

2

disposition of an individual claim." *Id.* (quoting *Outdoor Central, Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1118 (8th Cir.2011)). "Second, 'in determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'" *Id.* (quoting *Outdoor Central, Inc.,* 643 F.3d at 1118 (alteration brackets omitted)). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* at 1067–68 (quoting *Hayden v. McDonald,* 719 F.2d 266, 268 (8th Cir.1983)) (internal quotation marks omitted). Conversely, certification should not be granted merely because the resolved claims "are in some sense separable from the remaining unresolved claims," or merely because there is "the potential for multiple trials ... and ... inconsistent jury verdicts involving the same incident." *Huggins v. FedEx Ground Package System, Inc.,* 566 F.3d 771, 774 (8th Cir.2009) (citations omitted). The Eighth Circuit has stated that interlocutory appeals are "generally disfavored," and "it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Williams,* 687 F.3d at 1067 (quoting *Clark,* 593 F.3d at 714–15).

    **B.**    **Prevailing Party Seeking Certification**

As a preliminary matter, the EEOC argues that JBS is not the proper party to seek certification under Rule 54(b). The EEOC quotes *Exchange National Bank of Chicago v. Daniels*, 763 F.2d 286, 291 *on reh'g in part*, 768 F.2d 140 (7th Cir. 1985), for the proposition that a district court should not grant a Rule 54(b) motion unless the losing party requests it. The actual quote from *Daniels* reveals that this is not a hard line rule. In *Daniels*, the Seventh Circuit stated "…Rule 54(b) orders are the exception,

3

*usually* entered at the request of the losing party. A district judge *ordinarily* should not enter a Rule 54(b) document unless the losing party requests it." *Daniels*, 763 F.2d at 286 (emphasis added). As the decision in *Daniels* indicates, while ordinarily the losing party requests the Rule 54(b) certification, a prevailing party is not precluded from doing so. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 3 (1980) (approving the prevailing party's motion for certification under Rule 54(b)); *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (approving a Rule 54(b) certification where both parties moved for certification). Accordingly, JBS is not precluded from seeking certification under Rule 54(b).

    **C.**    **Equities and Judicial Administrative Interests**

The Court must determine whether its decision on Phase I of this action is a "special case" that overcomes the Eighth Circuit's preference against certification and warrants an immediate appeal. *Williams,* 687 F.3d at 1067. Under the first step articulated in *Williams*, the Court concludes that its Findings are the ultimate disposition of the EEOC's pattern or practice claim alleging that JBS failed to provide religious accommodations. While the EEOC's Phase I claims are based on the same events giving rise to the Phase II claims, each of the Phase I claims has been decided on the merits. Accordingly, the Court's Findings under Phase I are the ultimate disposition of an individual claim, and step one has been satisfied.

The parties' arguments focus the second step of the analysis, the determination of whether there is "no just reason for delay," in light of "both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *See Williams,* 687 F.3d at 1067 (internal quotation marks and citations

4

omitted). After carefully weighing the relevant factors, the Court concludes that the EEOC should have the opportunity for an immediate appeal.

The parties agree that the religious accommodation claims in Phase I and Phase II are based on the same facts and events. However, this does not preclude certification. *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956) (stating that "the relationship of the adjudicated claims to the unadjudicated claims is one of the factors which the District Court can consider in the exercise of its discretion."). JBS prevailed on Phase I of the trial primarily because the Court determined that JBS proved its affirmative defense of undue hardship. The parties had expressly agreed that "JBS may raise the affirmative defense of undue hardship as to alleged denial of religious accommodation and challenge the reasonableness of any suggested accommodation." (Filing No. 76-1 at 2.) In other words, all parties agreed that the undue hardship defense would be addressed in Phase I, even though the same evidence may support JBS's undue hardship defense in Phase II as well. JBS has asserted that its undue hardship defense in Phase II of this action is based on the same evidence that it used to prove its defense in Phase I.

The Court concludes that judicial administrative interests strongly favor certification. As of the writing of this Memorandum and Order, Phase II will address approximately 150 individual claims regarding JBS's alleged failure to provide the same or similar religious accommodations that were asserted in Phase I. An appeal of the Court's ruling on JBS's undue hardship defense, and resolution of whether this Court's findings and conclusions were indeed correct, would streamline the remaining Phase II litigation and conserve judicial and litigant resources in this already protracted litigation,

if a stay is requested and granted pending appeal. For these reasons, the Court concludes that an interlocutory appeal to the Eighth Circuit regarding the merits of JBS's undue hardship defense asserted in Phase I should be permitted without delay. *See National Fuel Gas Dist. Corp. v. TGX Corp.*, 950 F.2d 829, 834 (2d Cir. 1991) (concluding that Rule 54(b) certification appropriate where remaining claims cannot be addressed intelligently without resolving threshold question). Because there is no just reason to delay the entry of judgment pursuant to the Court's Findings on the Phase I proceedings, the Court's Findings are appealable as of the date of this Memorandum and Order. The EEOC's Motion to Clarify (Filing No. 517) will be denied as moot.

## II.     Motion for Attorney Fees and Expenses

JBS seeks an award of attorney fees, expert witness fees, and related nontaxable expenses as the prevailing party in Phase I under Title VII, 42 U.S.C. § 2000e-5(k), and Federal Rule of Civil Procedure 54(d). Generally, litigants are responsible for payment of their own attorneys' fees. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 415 (1978); *Advantage Media LLC v. City of Hopkins*, 511 F.3d 833, 836 (8th Cir .2008). Courts may award attorneys' fees to Title VII plaintiffs under special circumstances, however, "but may not award attorneys' fees to prevailing Title VII defendants except in narrow circumstances." *Marquart v. Lodge 837, In'l Ass'n of Machinists,* 26 F.3d 842, 849 (8th Cir.1994) (citing *Christiansburg,* 434 U.S. at 422). A district court has discretion to award attorneys' fees to a prevailing defendant only if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or that the plaintiff "continued to litigate after it clearly became so." 42 U .S.C. § 2000e–5(k); *Christiansburg,* 434 U.S. at 421–22. "[A] court

6

may not[, however,] award attorneys' fees solely because the plaintiff did not prevail." *Marquart*, 26 F.3d at 849. (alterations added). Moreover, in deciding whether to award a prevailing defendant attorney's fees, the court must follow the Supreme Court's admonition in *Christiansburg* "to refrain from post hoc reasoning and to view the reasonableness of the matter from the plaintiff's perspective at the time." *Flowers v. Jefferson Hospital Ass'n*, 49 F.3d 391, 392-93 (8th Cir.1995).

Following this standard, the Court concludes that an attorney's fee award to JBS is inappropriate at this stage. The EEOC's position, though not persuasive to the Court on summary judgment or after trial, asserted a factual basis for its pattern or practice retaliation and termination claims.  Phase I of this matter was decided because JBS successfully proved its undue hardship defense.  However, the Court concluded in its Findings that the EEOC had met its burden of proving a prima facie case of failure to accommodate. In ruling on JBS's Motion for Summary Judgment, the Court noted in its Memorandum and Order of April 12, 2013 (Filing No. 469 at 35-36), that there were issues of fact remaining to be addressed with respect to the EEOC's pattern or practice claims, and whether JBS had a company-wide policy of failing to provide religious accommodation. While the EEOC's arguments were ultimately unavailing, it asserted some basis for its Phase I claims. *See EEOC v. Kenneth Balk & Associates, Inc.*, 813 F.2d 197, 198 (8th Cir. 1987) (citing *Obin v. Dist. No. 9 of International Ass'n of Machinists*, 651 F.2d 574, 587 (8th Cir.1981) ("So long as the plaintiff has "some basis" for the discrimination claim, a prevailing defendant may not recover attorneys' fees.). Accordingly, the Court exercises its discretion to deny JBS's motion for attorney's fees.

**III.     Motion for New Trial**

The EEOC moves under Federal Rule of Civil Procedure 59(a)(2) for a new trial, and for the Court to amend its Findings and schedule further trial proceedings for Phase I. Rule 59(a)(2) states, "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." "Under Rule 59, the decision to grant a new trial lies within the sound discretion of the trial court, and its decision will not be reversed on appeal absent a clear abuse of that discretion." *Howard v. Mo. Bone & Joint Ctr., Inc.*, 615 F.3d 991, 995 (8th Cir. 2010). "The key question in determining whether a new trial is warranted is whether it is necessary to prevent a miscarriage of justice." *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 471 (8th Cir. 2011).

The EEOC's Motion essentially restates the factual and legal assertions contained in its Proposed Findings of Fact and Conclusions of Law for Phase I (Filing No. 512). The EEOC's Motion fails to set forth any grounds supporting a new trial or additional Phase I proceedings pursuant to Rule 59(a)(2). Nor does the EEOC's Motion set forth any grounds supporting amendment of any findings of fact or conclusions of law, or entry of a new judgment. Having reviewed the EEOC's Motion, and its previous arguments, the Court concludes that a new trial is not necessary to prevent a miscarriage of justice, nor is there any ground to amend the Court's findings or enter a new judgment. Accordingly, the Court exercises its discretion to deny the EEOC's Motion for a New Trial.

## CONCLUSION

For the reasons stated above, the Court will certify as appealable its judgment on Phase I of this matter, as of the date of this Memorandum and Order. The Court will also exercise its discretion to deny JBS's Motion for Attorney Fees, Expert Fees, and Other Nontaxable Expenses; and the EEOC's Motion for a New Trial. Accordingly,

IT IS ORDERED:

1. The Motion for Certification of Final Judgment on Phase I Proceedings (Filing No. 531), filed by the Defendant JBS USA, LLC, is granted and the Court's Findings of Fact and Conclusions of Law (Filing No. 516) are certified as final judgment on Phase I, and appealable as of the date of this Memorandum and Order;

2. The Motion to Clarify Regarding the Effect of the Court's October 11, 2013, Findings of Fact and Conclusions of Law on the Proceedings (Filing No. 517) filed by the plaintiff, Equal Employment Opportunity Commission, is denied as moot;

3. The Motion for New Trial, to Amend its Findings of Fact and Conclusions of Law, and to Schedule Completion of Phase I Trial (Filing No. 524) filed by the plaintiff, Equal Employment Opportunity Commission, is denied;

4. The Motion for Attorney Fees, Expert Witness Fees, and Related Nontaxable Expenses (Filing No. 518) filed by the Defendant JBS USA, LLC, is denied; and

5. A separate Judgment on Phase I Proceedings will be entered.

Dated this 27th day of January, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge