IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>                Plaintiff,<br><br>    vs.<br><br>**JBS USA, LLC,**<br><br>                Defendant. | CASE NO. 8:10CV318<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion for Stay Pending Appeal (Filing No. 553) filed by Defendant JBS USA, LLC ("JBS"). Plaintiff Equal Employment Opportunity Commission ("EEOC") opposes the Motion to Stay. For the reasons discussed below, the Motion will be granted, and this case will be stayed pending appeal.

## BACKGROUND

This case was bifurcated into two phases. Phase I determined the EEOC's pattern or practice claims, and Phase II will determine the remaining individual claims asserted by the EEOC and Intervenors. (Filing No. 76-1; Filing No. 77.) A bench trial was held on May 7, 2013, through May 17, 2013. On October 11, 2013, the Court found in favor of JBS on Phase I of this matter after granting JBS's Motion for Judgment on Partial Findings under Fed. R. Civ. P. 52(c), concluding that JBS had proved its affirmative defense of undue hardship. (Filing No. 516.) The Court's Findings of Fact and Conclusions of Law (the "Findings") (Filing No. 516) contain a detailed recitation of the Court's factual findings and legal conclusions, and they are incorporated by reference into this Memorandum and Order.

On January 27, 2014, the Court certified the Findings as immediately appealable (Filing No. 545). On March 27, 2014, the EEOC filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit (Filing No. 547), and on April 3, 2014, JBS filed a Notice of Cross-Appeal to the United States Court of Appeals for the Eighth Circuit (Filing No. 550).

## DISCUSSION

The Supreme Court has long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Company,* 299 U.S. 248, 254 (1936); *see also Contracting Northwest, Inc. v. City of Fredericksburg, Iowa,* 713 F.2d 382, 387 (8th Cir.1983) (recognizing that federal courts have the inherent power to issue a stay when the interests of justice so require).

The Court has already determined that "[a]n appeal of the Court's ruling on JBS's undue hardship defense, and resolution of whether this Court's findings and conclusions were indeed correct, would streamline the remaining Phase II litigation and conserve judicial and litigant resources in this already protracted litigation…." (Filing No. 545 at 5.) Phase II will address approximately 150 individual claims regarding JBS's alleged failure to provide the same or similar religious accommodations that were asserted in Phase I. Indeed, the EEOC has previously argued "that the adjudicated Phase I claims and the pending Phase II claims are closely related and stem from essentially the same factual allegations." (Filing No. 541 at 24 (internal marks omitted).)

The Court concludes that the interests of judicial economy are best served by a stay of Phase II proceedings. The decision of the Eighth Circuit with respect to the EEOC's appeal and JBS's cross-appeal may resolve several issues in Phase II. As noted by both parties, Phase II revolves around the same factual nucleus as Phase I. Proceeding with Phase II during the pendency of the appeal of Phase I could expose the parties to duplicative litigation, forcing them to litigate issues in Phase II that are simultaneously being addressed on appeal. Further, any prejudice to the Plaintiffs is minimal, particularly considering that the Eighth Circuit's ruling will, at a minimum, significantly narrow the parties' respective positions in Phase II. Accordingly,

IT IS ORDERED:

1. The Motion for Stay Pending Appeal (Filing No. 553) filed by Defendant JBS USA, LLC, is granted; and

2. Proceedings in this case will be stayed pending the outcome of the parties cross-appeals now pending before the United States Court of Appeals for the Eighth Circuit.

Dated this 29th day of May, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge