IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>    vs.<br><br>JBS USA, LLC,<br><br>                Defendant. | 8:10CV318<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Defendant JBS USA, LLC's ("JBS") Bill of Costs (Filing No. 526), and Plaintiff Equal Employment Opportunity Commission's ("EEOC") corresponding objection (Filing No. 578). For the reasons set forth below the EEOC's objection will be granted in part and denied in part.

## BACKGROUND

The EEOC filed suit against JBS under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 alleging JBS engaged in unlawful employment practices by discriminating on the basis of religion, national origin, and race. (Filing No. 5). The EEOC requested injunctive relief against JBS and also sought monetary relief for several individual employees of JBS – all of whom are from Somalia and are practicing Muslims. The litigation was bifurcated with Phase I addressing claims based on JBS's alleged pattern or practice of religious discrimination and Phase II addressing individual claims for relief.

A bench trial on the Phase I claims was held on May 7-17, 2013. This Court entered Findings of Fact and Conclusions of Law in favor of JBS. (Filing No. 516.) JBS filed a Bill of Costs seeking recovery of taxable costs under 28 U.S.C. § 1920. (Filing

No. 526.) A ruling on the Bill of Costs was stayed until the post-trial motions were resolved. (Filing No. 530.) A final Judgment was entered on January 27, 2014. After the numerous post-trial issues were resolved, the EEOC filed a partial objection to the Bill of Costs. (Filing No. 579.)

## ANALYSIS

"Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorneys' fees are to be awarded to the prevailing party unless the court directs otherwise." *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . . ." *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). So long as the costs are taxable under 19 U.S.C. § 1920, the court is not required to provide a detailed explanation of every cost it awards to the prevailing party. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 896-97 (8th Cir. 2009).

Pursuant to 28 U.S.C. § 1920 a judge or clerk of the court may tax:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Bill of Costs Handbook for the United States District Court for the District of Nebraska (the "Handbook"), applies the provisions of 28 U.S.C. § 1920 and provides

guidance for the litigants when seeking to obtain taxable costs. While the Handbook is not binding, it is instructive regarding the types of costs the Court will normally tax.

The EEOC has objected to many of JBS's claimed costs. Each of the objections will be addressed in turn below.

**A.     Ripeness**

The EEOC argues the Court should not rule on Defendant's Bill of Costs because it is premature and litigation in this matter is still pending. In essence, the EEOC is asking the Court to exercise its discretion and stay the taxation of costs until the Phase II litigation is complete. The Court declines to do so. Fed R. Civ. P. 54 provides costs "should be allowed to the prevailing party." A "prevailing party" for the purposes of Rule 54 is a party that has "received at least some relief on the merits" *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). For instance, when a defendant avoids a finding of liability and receives a judgment in its favor it is a prevailing party. *See Shum*, 629 F.3d at 1368.

In this case, JBS is clearly a prevailing party for the purposes of Fed. R. Civ. P. 54. It was entirely successful in defending the Phase I claims and received a final judgment accordingly, avoiding all of the relief sought by the EEOC. This Court routinely assesses costs without delay once a final judgment has been issued. *See, e.g.*, *Barnhardt v. Open Harvest Co-op*, No. 4:12cv3156, 2013 WL 451256, *2 (D. Neb. August 13, 2013). The issues of costs for the Phase I proceedings are ripe for

adjudication and the court need not delay in assessing costs[1] until the conclusion of the Phase II litigation.

**B.     Video depositions**

JBS seeks $43,757.53 in fees for printed or electronically recorded transcripts. (Filing No. 526).  These fees consist of costs associated with stenographic deposition transcripts and four videotaped depositions used at trial.  JBS also seeks $20,372.00 in costs associated with seventeen videotaped depositions not used at trial.[2]  The EEOC objects to these costs and argues JBS may not recover costs for both stenographic deposition transcripts and the costs associated with the video recording of the same deponents.

28 U.S.C. § 1920(2) permits the taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  The EEOC asserts the plain language of the statute prevents JBS from recovering costs for both printed and electronically recorded transcripts.  The weight of authority holds to the contrary.  That is, where the prevailing party demonstrates both paper and electronic copies were reasonably necessary, the court may tax costs for both where they are reasonably necessary for use in the case.[3]  *See In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d

---

[1] While the Court will not delay in assessing costs, the parties may elect or agree to defer the actual collection or payment of the costs until after Phase II litigation is complete.  That issue is not before the Court.

[2] The itemization of the video deposition fees for witnesses who did not testify at trial appear on JBS's Bill of Costs as an "other cost."  (Filing No. 526-7 at CM/ECF pp. 1-2).

[3] The EEOC cites to *Craftsman*, 579 F.3d at 897, in support of its argument that a successful party may not recover costs of both a written transcript and videotaped deposition.  *Craftsman* addressed a different issue.  Before 28 U.S.C. § 1920(2) was amended to allow for recovery of costs associated with electronically recorded transcripts, there was some debate on whether costs associated with videotaping

4

1361, 1370 (Fed. Cir. 2011); *State Farm Fire & Cas. Co. v. King Sports, Inc.*, 841 F. Supp. 2d 1317, 1320 (N.D. Ga. 2012); *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 976-77 (S.D. Texas 2011).[4]  The Handbook is consistent with the majority of court decisions, and allows for the taxation of costs for printed and electronic transcripts.  The Handbook, § 4(C)(3).

JBS contends both video and paper transcripts were necessary in this case for the Somali-speaking witnesses because they were listed as potential testifying witnesses and they neither read nor spoke English, making electronic recordings of depositions necessary for cross-examination purposes.  JBS further argues that under Fed. R. Civ. P. 32(c) it was required to provide copies of the written transcripts of any video depositions offered as evidence at trial; thus, making the written transcripts reasonably necessary as well.

The Court agrees with JBS.  JBS obtained printed transcripts and electronically recorded depositions for those Somali-speaking deponents who were potential witnesses at trial.  At the time the potential witnesses were deposed, JBS was reasonable to believe both electronic recordings and paper transcripts of the

---

a deposition were recoverable at all.  *Craftsman* held that they were.  *Id.*  It did not address the question of whether costs for both written transcripts and videotaping were recoverable, and the Eighth Circuit has not yet weighed in on the issue.

[4] A minority of district courts have held the "or" in 28 U.S.C. § 1920 should be read in the exclusive sense, completely foreclosing the possibility of recovering for both written transcripts and costs for videotaping depositions.  *See, e.g.*, *Lift Truck Lease and Service, Inc. v. Nissan Forklift Corp, North*, 2013 WL 6331578, *2 (E.D. Mo. 2013) (finding the plain language of the statute prohibits the possibility of recovering costs of both a written transcript and a video deposition).  However, the Court believes the better reading of the word "or" is in the inclusive sense.  *See Smith v. United Television, Inc. Special Severance Plan*, 474 F.3d 1033, 1037-38 (8th Cir. 2007) (explaining, under certain circumstances, the word "or" may be interpreted as conjunctive rather than disjunctive).  Particularly since 28 U.S.C. § 1920 is generally intended to allow successful parties to recover costs reasonably necessary for litigation.

5

depositions could be necessary for use in the case, and specifically at trial.[5] The video depositions were needed for cross-examination purposes because the deposition transcripts were in English and could not be used effectively to cross-exam the non-English speaking witnesses. As noted by JBS, Fed. R. Civ. P. 32(c) requires a party to provide the written transcript of any deposition testimony a party intends to offer. Likewise, this Court's local rules contemplate the need for transcripts of video depositions. *See, e.g.*, NECivR 32.1 (requiring a party to provide written transcripts of video depositions to contest motions in limine). Accordingly, the Court will exercise its discretion and allow costs associated with both formats, with one exception.

The only non-Somali-speaking witness for whom JBS seeks costs of both the written transcript and electronic recording is James Hamilton. Mr. Hamilton appeared on JBS's witness list, indicating at least a chance his testimony would be required. Mr. Hamilton also resides outside the district of Nebraska and JBS argues it did not know if Mr. Hamilton would appear at trial. Even if true, JBS does not explain why both the video and a written transcripts were reasonably necessary for the case at the time Mr. Hamilton was deposed. While JBS may have preferred to play a video deposition, it could also have simply read his transcript into the record. The language barriers present with the Somali-speaking witnesses were not present with Mr. Hamilton. The Court will reduce JBS's Bill of Costs in the amount of $475, representing the cost of Mr. Hamilton's videotaped deposition. (Filing No. 526-7 at CM/ECF p. 2.)

**C.    Costs Associated with Delivery and Format**

---

[5] It does not matter that only four of the witnesses actually testified at trial. At the time the depositions were taken it was reasonable for JBS to anticipate testimony of all of the Somali-speaking witnesses might be necessary.

JBS seeks fees associated with the costs for delivery of the transcripts. Those fees are not recoverable in the 8th Circuit. *See Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 888 (8th Cir. 2006). Accordingly, JBS's request for costs associated with fees for printed or electronically recorded transcripts will be reduced by $947.74. (Filing No. 580-1 at CM/ECF p. 6.) Further, its request for fees associated with video recorded depositions for witness who did not appear at trial – represented as "other costs" on its Bill of Costs – will be reduced by $52.00, the fees charged for delivery of the video recorded depositions of Ahmed Dalmar and Abdiaziz Yusef, (Filing No. 526-7 at CM/ECF p. 5), and Sirad Adan; Deq Said; Muhamed Ukash Ali; and Hassan Duwane, (Filing No. 526-7 at CM/ECF p. 7).

**D.     Costs per page**

The EEOC alleges JBS is not entitled to recover more than $3.65 per page – the rate recommended by the Judicial Conference. The EEOC argues the court reporters charged excessive per page fees in the total amount of $1,371.31. Based on the complexity and the additional time required, the Court finds the per page fees charged by the court reporters were reasonable.

**E.     Interpreters' Compensation**

**1.     Costs for Trial Interpretation**

The parties filed a stipulation prior to trial which provides: "The parties agree to split the costs of the in-court interpreters by each paying the costs associated with one Somali and one Spanish interpreter." (Filing No. 476, ¶4 at CM/ECF p. 2.) Plaintiff argues this precludes Defendant from recovering the full amount of the compensation paid to the interpreters.

7

The Court agrees. The stipulation states the parties will split the costs of the in-court interpreters. Had Defendant wished to reserve its right to recover interpreter costs under 28 U.S.C. §1920(6) and Fed. R. Civ. P. 54, it could have included terms in the stipulation accordingly. It did not. *See In re Ricoh Co., Ltd.*, 661 F.3d at 1366-67. Therefore, Defendant's attempt to recover the entire cost the trial interpreters' costs will be disallowed.[6]

### 2. Costs for Interpreters for witness depositions

Defendant initially sought recovery of $34,091.34 in costs paid to "[i]nterpreters for witness interviews and depositions." (Filing No. 526-7 at CM/ECF p. 1.) Plaintiff objected, asserting fees for the interpretation of witness interviews are not recoverable, travel expenses for interpreters are not recoverable, and at least one interpreter overcharged for his services. Defendant responded by acknowledging it improperly sought recovery of interpreter fees associated with interviews and translation of documents. Defendant reduced its Bill of Costs by $15,745.93, but asserted the remaining $18,345.07 in interpreters' fees and expenses are recoverable.

An interpreter's "compensation" is a recoverable cost under 28 U.S.C. § 1920(6). The parties disagree on whether "compensation" includes the fees and expenses associated with an interpreter's travel. Plaintiff asserted a general objection to JBS's request for the costs attributable to the travel expenses interpreters. JBS argues that interpreter travel costs in cases, such as this one, where a traveling interpreter is

---

[6] As explained *infra*, the Court believes an interpreter's fees and expenses – i.e. interpretation fees and travel expenses – are best considered as one expense, whether referred to as "costs" under the parties' stipulation or "compensation" under 28 U.S.C. § 1920(6).

necessary, are best considered part of an interpreter's "compensation" and recovery is appropriate under 28 U.S.C. 1920(6). The Court agrees with JBS.

> Logic dictates that reimbursement of the expenses incurred by the interpreters is a part of the overall compensation paid to the interpreter. Defining "compensation" narrowly so that it encompasses only that portion of the remuneration paid to an interpreter for the interpretation service alone, while excluding reimbursement of the necessary and reasonable "expenses" incurred by the interpreter to travel to the location for the purpose of performing those interpretation services, would unreasonably split statutory hairs. The more reasonable interpretation of the statutory phrase "compensation of interpreters" is to include all of the expenses billed by the interpreter and paid by the party for the interpreter's services, including reasonable travel expenses, parking, and meals that were reasonably necessary in connection with the provision of services.

*Hynix Semiconductor, Inc. v. Rambus, Inc.*, 697 F. Supp. 2d 1139, 1154-55 (S.D. Ca. 2010).

Thus, Plaintiff's objection to the inclusion of the interpreters' travel expenses is overruled. The Court has reviewed the remaining expenses associated with the interpretation of depositions and finds nothing inappropriate or unreasonable regarding the time or rates billed by the various interpreters. Plaintiff will be assessed costs in the amount of $18,345.07.

### F. Private Delivery and Service of Subpoenas

JBS seeks recovery for $207.50 it paid for service of subpoenas by a private process server. These fees are not recoverable. The Handbook, §IV(B)(3). Likewise the cost of the privately incurred postage fees of $66.53 are also not recoverable.

Based on the foregoing, Defendants' Bill of Costs will be adjusted as follows:

| | |
|---|---|
| Fees for service of summons and subpoena | 0.00 |
| Fees for transcripts | $42,809.79 |

| | |
|---|---|
| Fees for witnesses | $1,999.75 |
| Fees for exemplification | $323.00 |
| Docket fees | $165.00 |
| Compensation for Trial Interpretation | 0.00[7] |
| <u>Other Costs</u> | <u>$38,190.41[8]</u> |
| **<u>Total</u>** | **<u>$83,487.95</u>** |

Accordingly,

IT IS ORDERED:

1. EEOC's Objection to JBS's Bill of Costs, (Filing No. 579), is granted in part and denied in part; and

2. Costs are taxed against Plaintiff EEOC and in favor of Defendant JBS in the amount of $83,487.95 and are included in the judgment.

Dated this 11th day of May, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[7] It is not clear to the Court how the interpreters were actually paid. That is, if one of the parties paid the entire invoiced amount or if the parties actually paid their respective halves of the trial interpretation compensation separately. If the Defendant previously paid the full amount due, of course it is entitled to receive the portion of the costs owed by the Plaintiff. But that is a matter of contract under the stipulation and not governed by the Bill of Costs.

[8] This amount includes $19,845.00 in video depositions and $18,345.41 in interpreters' compensation.