## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **8:10CV318** |
| **ABDI MOHAMED, et al.,** | |
| **Plaintiffs/Intervenors,** | **MEMORANDUM AND ORDER** |
| **FARHAN ABDI, et al.,** | |
| **Plaintiffs/Intervenors,** | |
| **vs.** | |
| **JBS USA, LLC,** | |
| **Defendant.** | |

This matter is before the Court on the following motions filed by Defendant JBS USA, LLC: the Motion for Judgment on the Pleadings (Filing No. 620); the Motion to Dismiss for Failure to State a Claim (Filing No. 641), and the Motion to Dismiss Pro Se Intervenors for Failure to Comply with Court Order (Filing No. 657). For the reasons stated below, the Motions will be granted. The remaining plaintiffs will be given an opportunity to amend their complaints consistent with this Memorandum and Order.

## PROCEDURAL BACKGROUND[1]

### I.     Phase I and Bifurcation

On April 15, 2011, Plaintiffs filed with the Court a joint Bifurcation Agreement to bifurcate discovery and trial into two phases, Phase I (involving the Equal Employment

---

[1] A detailed factual history will be omitted from this Memorandum and Order as it is unnecessary to the Court's analysis. A detailed recitation of the facts can be found in several of the Court's previous Orders (Filing Nos. 469, 516, 611.)

Opportunity Commission's ("EEOC") pattern-or-practice claims) and Phase II (all individual claims for relief). (*See* Filing Nos. 76 at 3, 76-1.)  The parties agreed that in Phase II the Court would address all individual claims for relief and "[a]ny claims for which no pattern or practice liability was found in Phase I."  (Filing No. 76.1 at 5.)  The parties further agreed that "claims not tried in Phase I shall be tried under the traditional *McDonnell-Douglas* burden-shifting paradigm [in Phase II], including all claims of harassment/hostile work environment."  (Filing No. 76.1 at 5.) On May 26, 2011, the Court adopted the Bifurcation Agreement to bifurcate discovery and trial into two Phases. (Filing No. 81.)  The Court later specified that the EEOC's pattern-or-practice claims addressed in Phase I arose under 42 U.S.C. § 2000e-6 ("Section 707"), not 42 U.S.C. § 2000e-5 ("Section 706").  (*See* Filing Nos. 296, 338, 469.)  The Court also specified that "[t]he Intervenors' claims [were] private, non-class Title VII actions" and the Intervenors had no statutory or contractual right to assert pattern-or-practice claims or otherwise participate in Phase I.  (Filing No. 338.)

Discovery proceeded, and trial was held on the EEOC's Phase I pattern-or-practice claims from May 7, 2013, through May 17, 2013.  At the close of the EEOC's evidence, JBS made an oral motion for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c).  Based on agreement of the parties as reflected in the Final Pretrial Order, the Court permitted the submission of deposition designations and objections after the close of trial. (*See* Filing No. 479 at 12.) On July 1, 2013, the EEOC submitted additional deposition designations in support of, and in addition to, testimony and evidence presented at the Phase I trial. On October 11, 2013, the Court issued its Findings of Fact and Conclusions of Law. (Filing No. 516 at 13, 26, 32-39.) The Court

concluded that although the EEOC established a prima facie case of denial of religious accommodation, the requested accommodations imposed an undue burden on Defendant JBS USA, LLC ("JBS").  On January 28, 2015, based on its conclusion in Phase I, the Court dismissed all Phase II claims alleging that JBS failed to provide reasonable religious accommodation.

## II.     Remaining Plaintiffs and Claims

The Plaintiffs remaining at this stage include the EEOC and several individual Plaintiff/Intervenors. For purposes of this Motion, the Plaintiff/Intervenors who remain in this action are divided into three categories: The first category consists of Plaintiff/Intervenors Abdi Mohamed, et al. ("Intervenors I").  The second category consists of Plaintiff/Intervenors Farhan Abdi, et al. ("Intervenors II") (Intervenors I and Intervenors II referred to collectively as "Intervenors"). The third category consists of Plaintiff/Intervenors who are no longer represented by counsel ("Pro Se Intervenors").[2]

### a.     EEOC's Remaining Phase II Claims

The EEOC filed its Second Amended Complaint ("EEOC Complaint") (Filing No. 99) on August 2, 2011, during the pendency of Phase I.  Relevant to Phase II, the EEOC Complaint alleges that JBS unlawfully terminated some of its Somali Muslim employees because of their religion and national origin, and in retaliation for their requests for religious accommodations, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et al. (Filing No. 99 ¶ 7.) The EEOC Complaint included a list of aggrieved individuals for whom the EEOC sought relief on all of its claims, though

---

[2] The Court notes that these categories are slightly different from the groupings identified in the parties' Joint Proposal for Groupings of Claimants and Case Progression for Phase II, adopted by the Court on May 1, 2015. (*See* Filing No. 665 at 1.)

3

that list did not specify which claims applied to each individual. (Doc. 99 at 3-4, 14-18.) In the parties' Joint Rule 26(f) Conference Planning Report, the EEOC provided a list of non-intervening aggrieved individuals (the "Rule 26(f) List") to those who were unlawfully terminated on the basis of religion and/or national origin, and those who were discharged in retaliation for requesting religious accommodation. (Filing No. 622-1 at 1.) The EEOC's report also stated that it would seek relief in Phase II for all Plaintiff-Intervenors with claims of unlawful termination based on religion and/or national origin, and/or for all Plaintiff-Intervenors with claims of unlawful retaliatory discharge. (*Id.*)

### b.   *Remaining Claims of Intervenors I*

Intervenors I filed their Second Amended Complaint in Intervention ("Intervenors I Complaint") on March 11, 2015. (Filing No. 639.) The Intervenors I Complaint includes several claims phrased as pattern-or-practice claims.  Intervenors I nevertheless assert that their Phase II claims include: (1) disparate treatment in violation of Title VII and the Nebraska Fair Employment Practices Act ("NFEPA") Neb. Rev. Stat. §§ 48-1114 (Reissue 2010); (2) retaliation based on requests for religious accommodation; (3) hostile work environment in violation of Title VII and the NFEPA; (4) disparate treatment in violation of terms and conditions of employment based on religion, race, and/or national origin; (5) retaliation based on opposition to JBS's unlawful actions and/or complaints of discrimination; and (6) hostile work environment in violation of 42 U.S.C. § 1981. (Rule 26(f) Report, Filing No. 592 at 6-11.) Intervenors I did not seek class certification with respect to their Phase II claims.

### c.     *Remaining Claims of Intervenors II*

Intervenors II filed their Amended Complaint in Intervention ("Intervenors II Complaint") on August 2, 2011.  (Filing No. 100.)  Intervenors II assert that their Phase II claims include: (1) Violation of terms and conditions of employment based on religion, race, national origin, and/or gender in violation of Title VII; (2) Retaliation based on reasonable accommodation requests for religious practices in violation of Title VII; (3) Hostile work environment based on religion, race, and national origin; (4) Unlawful discipline, harassment, and/or discharge based on religion, race, and/or national origin in violation of Title VII; (5) Hostile work environment based on race in violation of 42 U.S.C. § 1981; and (6) Unlawful discharge and/or discipline in retaliation for race-based harassment complaints in violation of 42 U.S.C. § 1981. (Rule 26(f) Report, Filing No. 592 at 12-17.) Intervenors II did not seek class certification with respect to their Phase II claims.

## III.   Pro Se Intervenors

On January 21, 2015, counsel for Abdi Mohamed, et al., Plaintiff/Intervenors filed a Renewed Motion to Withdraw, seeking to withdraw as attorneys of record for 54 Plaintiff/Intervenors.  (Filing No. 607.) The Court granted the motion on February 3, 2015, and the law firm of Vincent Powers & Associates (the "firm") was granted leave to withdraw as counsel for the 54 Intervenors.  (Filing No. 615.)  The Court ordered the firm to immediately mail copies of its Order, by certified mail, to each of the 54 Intervenors, along with a letter "notifying them that the Firm will no longer be representing them in this action, and detailing the overall status of this case."  (*Id.* ¶ 2.) The Court ordered that both documents be transcribed into Somali before they were

5

sent to any non-English speaking Intervenor.  (*Id.*)  The firm was directed to file a proof of service with the Court, showing compliance with the Order and listing the names and addresses of the persons to whom the documents were sent.  (*Id.*)

An Amended Proof of Service Showing Compliance was filed with the Court on February 25, 2015, listing several Intervenors who had been served with the Court's Order and the explanatory letter on February 19 and 24, 2015. (Filing No. 624.) Pursuant to the Court's Order, upon the filing of the Proof of Service (or as of February 25, 2015), the Intervenors were deemed to be proceeding pro se.  (Filing No. 615 ¶ 3.) In the absence of substitute counsel entering a written appearance, each Pro Se Intervenor was directed to file a written notice with the Clerk of the Court of his/her current address and telephone number within fourteen business days of being served with the Order. (*Id.*)  Subsequently, the firm was permitted to re-enter its appearance on behalf of some of the Intervenors.  (Filing Nos. 626 and 629.)  The remaining Plaintiff-Intervenors who did not file a notice with the Clerk of Court are presently deemed to be proceeding pro se.

## STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010) (citing *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir. 2002)).  This is "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must

suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)) (internal quotation marks omitted). When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555, 556 (quoting *Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974)).  The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests."  *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

## I.      The Difference Between § 706 and § 707

An examination of the overarching law governing the Plaintiffs' Phase II claims provides a helpful framework from which to analyze the sufficiency of the Plaintiffs' pleadings.  As noted above, Phase I addressed the EEOC's claims that JBS had a pattern-or-practice of unlawfully failing to accommodate religious practices. The EEOC's pattern-or-practice claims arose under § 707, and not § 706.  (*See* Filing Nos. 296, 338, 469.)  The Court also previously held that "[t]he Intervenors' claims are private, non-class Title VII actions" and the Intervenors had no statutory or contractual right to assert pattern-or-practice claims or otherwise participate in Phase I.  (Filing No. 338.)  The parties' bifurcation agreement, which pre-dated the Court's Memorandum and Order of November 26, 2012 (Filing No. 338), noted that "[a]ny claims for which no pattern-or-practice liability was found in Phase I and any claims not tried in Phase I shall be tried under the traditional *McDonnell-Douglas* burden-shifting paradigm . . . ," in Phase II.  (Filing No. 76-1 at 5.)  A liberal reading of this language reflects an intent of the parties to convert any unsuccessful pattern-or-practice claims in Phase I to individual claims under § 706 in Phase II.[3]

---

[3] Count I, Count IV, Count V, Count VI, Count VII, Count VIII, and Count IX of the Intervenors I Complaint are each premised on a pattern-or-practice theory.  (Filing No. 639 at 11-21.) JBS argues that because these claims rest upon a pattern-or-practice theory, they must be dismissed. Intervenors argue that the claims carry over as § 706 claims because of the language of the bifurcation agreement. JBS did not respond to this argument in its reply and, viewing the bifurcation agreement in a light most favorable to Intervenors, the Court will not dismiss these claims at this stage based solely on the pattern-or-practice

In sum, most of the claims in Phase II arise under § 706, and none is a pattern-or-practice claim under § 707.  Nevertheless, because the complaints were filed and/or contained language based on previous filings made during Phase I and prior to the Court's Order of November 26, 2012 (Filing No. 338), each of the Plaintiffs' complaints includes substantial allegations devoted to asserting pattern-or-practice claims. Proper analysis of the sufficiency of the allegations related to Phase II requires a clear understanding of § 706 and the differences between § 706 claims and § 707 pattern-or-practice claims. As discussed below, the current language of the operative complaints makes it difficult to identify Plaintiffs' Phase II claims, let alone assess whether Plaintiffs' Phase II claims have been sufficiently pled.

As other courts have recognized, "[t]here is a significant distinction between §§ 706 and 707 claims." *EEOC v. CRST Van Expedited, Inc.*, 611 F. Supp. 2d 918, 932 (N.D. Iowa 2009) (internal citations and quotations omitted).  "A § 706 claim involves the rights of aggrieved *individuals* challenging an unlawful employment practice on an individual *or* class-wide basis, whereas a § 707 claim involves a pattern-or-practice of *systemic* discrimination challenging widespread discrimination throughout a company on a *group* basis." *EEOC v. Scolari Warehouse Markets, Inc.*, 488 F. Supp. 2d 1117, 1143 (D. Nev. 2007) (emphasis in original). As discussed below, the differences between § 706 and § 707 must be considered to determine whether the operable complaints adequately plead § 706 claims.

---

language. Instead, as discussed below, the Intervenors will have an opportunity to amend their complaints to allege claims under § 706.

## II.     Sufficiency of EEOC's Complaint

JBS argues that the EEOC Complaint must be dismissed because it fails to identify the individuals bringing each type of claim, and fails to describe the factual circumstances surrounding the discharge of any individual employees. The EEOC argues that JBS's Motion is improper because the EEOC is not required to plead details about each individual claimant and the EEOC Complaint properly pleads allegations against JBS.  Further, the EEOC argues that extensive discovery in Phase I alerted JBS to the EEOC's claims.  The Court will first assess whether the EEOC must identify each individual for whom it seeks relief and assess whether the EEOC's identification of such individuals is sufficient in this case.   Second, the Court will determine whether the EEOC Complaint, as currently worded, adequately puts JBS on notice of the EEOC's § 706 claims during Phase II.

### a.     EEOC Class Representation in § 706 Claims

JBS argues that it cannot respond to the EEOC Complaint in Phase II because the EEOC does not identify the individuals for whom it seeks relief. At the outset, the Court notes that, as a general matter, the EEOC is not required to identify each individual.   The Eighth Circuit has specifically held that "[s]ection 706 of Title VII authorizes the EEOC to bring claims involving the rights of aggrieved individuals challenging an unlawful employment practice on an individual or class-wide basis." *EEOC v. CRST Van Expedited, Inc.*, 774 F.3d 1169, 1178 (8th Cir. 2014) (quoting *EEOC v. Global Horizons, Inc.,* 860 F.Supp.2d 1172, 1191 (D. Haw. 2012)). Accordingly, "[t]he EEOC may 'seek class action-type relief without complying with . . . Federal Rule of Civil Procedure 23.'" *Id.* (quoting *Global Horizons, Inc.,* 860 F.Supp.2d

10

at 1191); *see also EEOC v. Waffle House, Inc.,* 534 U.S. 279, 297 (2002); *Gen. Tel. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 331 (1980).

However, even though the EEOC need not identify each individual, it must provide some indication of the scope of the class. *See EEOC v. Fed. Reserve Bank of St. Louis*, 84 F.R.D. 337, 341 (W.D. Tenn. 1979) ("The proper standard under Rule 23, and equally appropriate here, is to require the plaintiff to identify the general outlines of the membership of the class at the outset of the litigation.").  "Thereafter, the EEOC has a continuing duty to disclose, with as much particularity as possible, the names and factual circumstances of those alleged discriminatees about whom it obtains knowledge." *Id.*; *cf.* 7A Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1760 (3d ed. 2015).

The parties disagree as to the specificity that the EEOC must provide in its Complaint. JBS argues that pattern-or-practice claims are "factually distinguishable" from § 706 claims. (JBS Br., Filing No. 655 at 8.)  JBS draws the term "factually distinguishable" from *EEOC v. PMT Corp.*, 40 F. Supp. 3d 1122 (D. Minn. 2014). In *PMT* the court rejected the contention that the Eighth Circuit's decision in *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012), required that the EEOC identify names of class members in a pattern-or-practice case.  *PMT Corp.*, 40 F. Supp. 3d at 1129.  The court reasoned that the decision in *EEOC v. CRST Van Expedited, Inc.* did not involve pattern-or-practice claims, and was therefore "factually distinguishable" from the pattern-or-practice claims in *PMT*.  Although not precisely on point, the Eighth Circuit in *CRST* affirmed the dismissal of an EEOC class-action where "the EEOC was unable to provide [CRST] names of all class members . . . , or an indication of the size

11

of the class." *CRST*, 679 F.3d at 676 (alterations in original) (citation and internal quotation marks omitted). The Eighth Circuit held that not only did this failure prevent the defendants from responding to the allegations in the complaint, but it also prevented any meaningful opportunity to conciliate. *Id*. The Eighth Circuit therefore held that dismissal was appropriate because the EEOC failed to satisfy its pre-suit obligations.[4]

JBS's indirect reliance on the reasoning in *EEOC v. CRST Van Expedited, Inc.*, supports the proposition that, at a minimum, an EEOC complaint must provide either the names of all class member or some indication of the size and scope of the class. *CRST*, 679 F.3d at 676. A case cited by both parties, *EEOC v. United Parcel Serv., Inc.*("*UPS*"), No. 09-CV-5291, 2013 WL 140604, at *4 (N.D. Ill. Jan. 11, 2013), provides further direction in line with this reasoning from *CRST* and *EEOC v. Fed. Reserve Bank of St. Louis*, *supra*. In *UPS*, the court held that a class complaint met the requirements of Rule 8 where it pled "factual content that allow[ed] the court to draw the reasonable inference that UPS violated provisions of the ADA as to the unidentified individuals." 2013 WL 140604, at *4 (internal marks and citation omitted).  The court explained that the EEOC's complaint identified:

> . . . the statutes that UPS allegedly violated; the time frame in which the alleged violations occurred; the names of two presently identified victims; a general description of the class of aggrieved persons; the specific claims alleged and their elements as to the charging party and the class of aggrieved persons; the types of conduct to which the named claimants and the unidentified class were subjected; and the remedies being sought.

---

[4] The Court previously addressed the adequacy of the EEOC's pre-suit conciliation efforts with respect to the pattern-or-practice claims assessed in Phase I of trial. However, the Court did not address the EEOC's conciliation efforts with respect to the remaining claims in Phase II, and JBS does not raise this issue in this Motion. The Court's analysis here is limited to the adequacy of the pleadings in the EEOC's Complaint.

*UPS*, 2013 WL 140604, at *6.

In this case, the EEOC has identified individuals for whom it seeks relief in Phase II inconsistently. The EEOC's claims remaining to be resolved in Phase II are contained in ¶¶ 7(e) and 7(f) of the EEOC Complaint. Those paragraphs read in their entirety:

> (e) Defendant discharged Maymun Yusuf, Fartun Farah, Sahara Mohamed, and a class of other aggrieved employees at its Grand Island, Nebraska facility on or about September 18, 2008, because of their religion, national origin, and in retaliation for their requests for religious accommodations as set forth in subparagraph (a) above, and their complaints about Defendant's failure to accommodate their religion as set forth in subparagraph (a) above. Defendant's claim that these workers engaged in an unauthorized work stoppage is a pretext for unlawful discrimination.
>
> (f) Defendant discharged Fowsiya Ibrahim and other aggrieved employees because of their religion, Muslim, when it informed them they would no longer be allowed to pray at work.

(EEOC Compl., Filing No. 99 ¶¶ 7(e), (f).)   The EEOC Complaint identifies four individuals for whom the EEOC seeks relief, in addition to a class of "other aggrieved employees."   (Filing No. 99 ¶¶ 7(e), (f).)   In the Rule 26(f) List, the EEOC identified several new individuals for whom it would seek relief in Phase II:  Sadiq Abdulle; Ayan Aden; Sayid Ali; Abdigader Husi; Ayan Hirsi; Abdigani Hussein; Abdiaziz Jaffna; Shire Jama; Jamal Jeidan; Bile Mire; Ahined Muse; Bashir Seed; Deka Shire; and Mawlid Taalcilo.  (Filing No. 622-1.)

The allegations in the EEOC Complaint and the aggrieved individuals in the Rule 26(f) List, taken together, render the EEOC's Phase II claims unclear. Rather than clarifying the class described in the EEOC Complaint, the Rule 26(f) List identified a completely new set of individuals for whom it seeks relief.  This is particularly confounding for the Court and other parties where the EEOC Complaint divided its

13

Phase II claims between sub-paragraphs 7(e) and sub-paragraph 7(f), and the Rule 26(f) List makes no such distinction.   Neither the Court nor JBS can reasonably determine which Phase II claims are associated with the newly identified individuals. Accordingly, the EEOC Complaint fails to provide adequate indication of the size and scope of the class of individuals for whom it seeks relief.

### b.    Potential Confusion in the EEOC Complaint

The EEOC's dependence upon facts supporting pattern-or-practice claims also renders the EEOC Complaint ambiguous and potentially confusing for purposes of Phase II.  Sub-paragraph 7(e) of the EEOC Complaint references sub-paragraph (a) as the factual basis for some claims of discrimination and retaliation for request for religious accommodation.   Sub-paragraph 7(a) is a list of actions which the EEOC claimed constituted a pattern-or-practice of denying reasonable religious accommodation.  (Filing No. 99 ¶ 7(a).)  While the EEOC presumably intends for the facts described to support the remaining individual claims, it is difficult to derive individual instances of discrimination sufficient to support a § 706 claim from the allegations supporting a pattern-or-practice claim.  The EEOC Complaint contains few facts to support the race and national origin claims referenced.  Many of the allegations in sub-paragraph 7(a) of the EEOC Complaint appear to address JBS's alleged failure to provide religious accommodation, and such issues have already been decided. Further, other than an indirect reference to Ramadan 2008, the allegations in sub-paragraph 7(f) fail to provide a time frame in which the alleged § 706 violations occurred and provide only a general indication of the types of conduct to which the named

claimants and the unidentified class were subjected.  Accordingly, the EEOC Complaint is unclear as to how the allegations fit within the Phase II claims.

Despite these deficiencies, the EEOC will be given leave to amend its Complaint to clarify the factual allegations and aggrieved individuals for whom it seeks relief in Phase II.  While it is true that "late tendered amendments involv[ing] new theories of recovery and impos[ing] additional discovery requirements" may justify denial of a request to amend, that is not an issue in this matter.  *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  JBS is generally aware of the EEOC's principal allegations and amendment will likely streamline discovery to allow JBS to respond and to defend only those allegations related to Phase II claims.

## III.   Sufficiency of the Complaint of Intervenors I and II.

While the EEOC may assert § 706 claims on behalf of a class without Rule 23 certification, the Intervenors enjoy no such right.  Neither party has directed the Court to an Eighth Circuit case directly addressing the pleading standard appropriate when several plaintiffs assert the same causes of action without gaining class certification.  However, in *Bautista v. Los Angeles Cnty.*, 216 F.3d 837 (9th Cir. 2000), the Ninth Circuit addressed the sufficiency of a complaint alleging employment discrimination on behalf of fifty-one named plaintiffs. The complaint alleged facts general to each of the plaintiffs and asserted three causes of action specific to particular groups of plaintiffs. *Id.* at 840. The first claim asserted age discrimination on behalf of twenty named plaintiffs, the second claim asserted race and nationality discrimination on behalf of all fifty-one plaintiffs, and the third claim alleged disability discrimination on behalf of three named plaintiffs.  *Id.*  In a plurality opinion, the court noted that "[w]hile the complaint

contains stray allegations of discriminatory policies or practices imposed by [the defendant], what it seeks is individual relief for each of the plaintiffs." *Id.* The court then stated:

> To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case: that he or she is a member of a particular protected class, was qualified and applied for the position he or she sought and was rejected on a prohibited ground.

*Id.* The lead opinion concluded that despite the complaint's shortcomings, the district court erred in summarily dismissing the complaint with prejudice.

In concurring that dismissal of the complaint was error, Judge Stephen Reinhardt addressed the lead opinion's assertion that "because the plaintiffs' complaint seeks 'individual relief for each of the plaintiffs' and is not brought as a class action, it must identify 'the transaction or occurrence giving rise to the claim and the elements of the prima facie case' for each plaintiff.'" *Id.* at 842 (Reinhardt, J., concurring in part). Judge Reinhardt reasoned that the complaint already did this, explaining that "[b]ecause each plaintiff in this case claims to have lost his or her employment at the same time due to the same event . . . their claims arise from the same transaction or occurrence, which the complaint properly relates in a single set of allegations." *Id.* at 843. Judge Reinhardt concluded that under Fed. R. Civ. P. 8(a) and 10(b), "[i]ndividual plaintiffs who share particular attributes or experiences relevant to their legal claims should be allowed— indeed, encouraged—to consolidate those attributes or experiences in a single set of allegations." *Id.*

The Court finds Judge Reinhardt's concurrence persuasive given the language and spirit of federal pleading rules. Rule 10(b) requires: "A party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*." Fed. R. Civ. R. 10(b) (emphasis added). Thus, if Invervenors' claims truly rest upon a single set of circumstances equally applicable to each of the Intervenors, the form of pleading in the Intervenors' Complaints is appropriate. However, Rule 10 further states that "*If doing so would promote clarity*, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense. " (emphasis added). Thus, in some cases, a more specific pleading may be necessary to serve the intent of the Federal Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In this case, although the Intervenors are not required to allege facts common to each individual separately, they do not enjoy the same ability to plead on behalf of a class in the same way as the EEOC. That is, for the Intervenors to plead facts common to all Intervenors as a single set of circumstances, the single set of circumstances must truly be common to each individual Intervenor. Both Intervenors I and II acknowledge that most of their claims lump individuals together, that is, according to the Intervenors, each individual Plaintiff/Intervenor experienced the same discriminatory treatment under the same set of operative facts. Intervenors claim that individualized pleading would essentially require listing each individual Plaintiff/Intervenor in nearly every paragraph of their complaints rather than using an abbreviated label such as "Plaintiff/Intervenors" to represent each individual Intervenor.

17

Even so, the current wording of the Intervenors' complaints is potentially confusing and may militate against the just, speedy, and inexpensive determination in Phase II of an already prolonged action because the complaints blur lines between individual instances of discrimination and patterns or practices of discrimination. Courts have recognized that "[n]otwithstanding [the differences between § 706 and § 707], courts have blurred the line between class-wide claims brought pursuant to § 706 and pattern-or-practice claims brought pursuant to § 707." *EEOC v. Scolari Warehouse Markets, Inc.*, 488 F. Supp. 2d 1117, 1143 (D. Nev. 2007) (emphasis in original). It is particularly important to avoid potential confusion between § 706 claims and § 707 pattern-or-practice claims in this case because the Intervenors do not seek class-wide relief and they were precluded from recovery under a pattern-or-practice theory.

As noted above, § 706 authorizes plaintiffs to bring claims challenging an unlawful employment practice. *CRST Van Expedited, Inc.*, 774 F.3d at 1178. In other contexts, the Eighth Circuit has explained "that the term 'practice' in this phrase does not connote an ongoing violation that can endure or recur over a period of time." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (internal marks and citation omitted). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Id.* (internal marks and citation omitted). In other words, § 706 "is addressed to vindication of individual instances of employment discrimination." *EEOC v. Cont'l Oil Co.*, 548 F.2d 884, 887 (10th Cir. 1977).

Although the parties' bifurcation agreement ostensibly allows Intervenors' pattern-or-practice claims to proceed as individual claims in Phase II, the wording of the

18

Intervenors' allegations are largely geared toward supporting allegations of ongoing discrimination.  For example, Count I of the Intervenors I Complaint states:

> The *pattern and/or practice of discriminatory treatment* includes, but is not limited to, harassment, disparate treatment, denial of religious accommodation, retaliation against individuals who seek religious accommodation and/or for participating in one more or protected activities and disciplining and/or discharging the Plaintiffs/Intervenors due to their race, color, national origin, gender and/or religion and/or in retaliation for requesting religious accommodation and/or having requests for religious accommodations made on their behalf and/or for participating in one or more other protected activities.

(Filing No. 639 ¶ 32.)  Similarly, Intervenors II allege:

> Defendant *regularly* subjected Plaintiff-Intervenors to discipline for attempting to pray at work. Such discipline *ranged* from reprimand to discharge of their employment. Plaintiff-Intervenors, when insisting upon their right to pray, were subjected to retaliation in the form of reprimand, harassment and termination.

(Filing No. 100 ¶ 15 (emphasis added).)  These allegations, read together with other allegations in the respective complaints, point to JBS's systemic employment practices or ongoing discriminatory behavior rather than specific unlawful employment practices.  Thus, there is the potential for confusion regarding the individual claims in Phase II and the "pattern-or-practice" claims precluded in Phase I.

Potential confusion also arises from the pleadings regarding the Intervenors' exhaustion of administrative remedies.  Intervenors I assert that 44 of the 68 named individuals filed individual charges with the EEOC and NEOC, and 33 filed individual charges of retaliation.  (Filing No. 639 ¶ 10.) This suggests that as many as 24 of the Intervenors I did not exhaust administrative remedies. Further, there is no indication in the Intervenors I Complaint which of the Intervenors complied with the exhaustion requirement prior to filing suit and which did not.  Similarly, according to the Intervenors

II Complaint, only 3 of 49 Intervenors II filed individual charges of discrimination with the EEOC.  (Filing No. 100 ¶ 9.)  The Court will not address whether the Intervenors have complied with the administrative prerequisites to an action at this time.  Instead, the Intervenors will be permitted to amend and clarify how the Intervenors have exhausted their administrative remedies.

In sum, although Intervenors may plead facts genuinely common to all Intervenors, they may not seek class-wide relief for systemic or ongoing unlawful employment practices.  Accordingly, Intervenors will be permitted to amend their complaints to avoid language indicative of a pattern-or-practice claim and assert claims under § 706.  Intervenors, if necessary, shall specify whether facts and/or claims are applicable to only a certain portion of the Intervenors.

## IV.    Pro Se Intervenors

The Pro Se Intervenors will be dismissed from this case for failure to comply with the Court's order. Fed. R. Civ. P. 41(b) permits a defendant to move to dismiss any claims asserted against it by a plaintiff who "fails to prosecute or to comply with these rules or a court order . . . ."  Similarly, NECivR 41.2 provides, "[a]t any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." *See also Aziz v. Wright,* 34 F.3d 587, 589 (8th Cir. 1994) ("An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court."); *Henderson v. Renaissance Grand Hotel,* 267 Fed. Appx. 496 (8th Cir 2008) (affirming dismissal of plaintiff's Title VII action for failure to prosecute after finding that plaintiff failed to comply with court orders in a timely manner).

20

Dismissal for failure to comply with a court order is appropriate regardless of whether the plaintiff is represented by counsel. *See, e.g., Brantley v. BNSF Ry. Co.,* No. 4:12CV3215, 2014 WL 840641, *3 (D. Neb. March 4, 2014) (dismissing pro se litigant's case for failing to comply with court's discovery orders). Although a "pro se litigant should receive meaningful notice of what is expected of him," he is required to, at the very least, attempt in good faith to comply with the Court's orders. *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984) (dismissing pro se plaintiff's case pursuant to Rule 41(b) after he failed to comply with the court's pretrial orders to clarify his claims).

Pursuant to the terms of the Court's Order, the latest date for any of the 47 Pro Se Intervenors to file a written notice with the Clerk of his/her current address and telephone number was March 19, 2015 (14 business days from February 24, plus 3 days for mailing). The ECF docket as of July 24, 2015, reflects that none of the 47 Pro Se Intervenors has filed the required written notice with the Clerk of the Court. Accordingly, pursuant to Fed. R. Civ. P. 41(b) and NECivR 41.2, all remaining claims asserted by the Pro Se Intervenors who have failed to comply with the Court's Order are dismissed with prejudice.

## CONCLUSION

For the reasons stated, the complaints filed by the EEOC and Intervenors fail to provide adequate notice of their Phase II claims, and/or are potentially confusing and prevent meaningful response. The EEOC and the Intervenors will be permitted to amend their complaints to cure these deficiencies. Any remaining claims of the Pro Se Intervenors are dismissed with prejudice. Accordingly,

IT IS ORDERED:

1.     The Motion for Judgment on the Pleadings (Filing No. 620) filed by Defendant JBS USA, LLC, is granted;

2.     The Motion to Dismiss for Failure to State a Claim (Filing No. 641) filed by Defendant JBS USA, LLC, is granted;

3.     On or before August 14, 2015, Plaintiffs EEOC and Intervenors shall file an amended Phase II complaint consistent with this Memorandum and Order;

4.     The Motion for Leave to File Third Amended Complaint Out of Time (Filing No. 705) is denied as moot;

5.     The Motion to Dismiss Pro Se Intervenors for Failure to Comply with Court Order (Filing No. 657) filed by Defendant JBS USA, LLC, is granted; and

6.     All remaining claims asserted by Plaintiffs-Intervenors Fadumo Abdi, Halimo Abdullahi, Ifra Abdullahi, Abdiwali H. Adan, Abdulkadir A. Adan, Abdisalaan Ahmed, Farhiya O. Ahmed, Leyla Ahmed, Abdirisaak Ali, Barlin Ali,  Kaltun Ali, Mohamud Ali, Abdirahman Diriye,  Mohamed Elmi, Abdisamad A. Farah, Ayan Geedi, Sainab Gurhan, Abdulahi Hashi, Amina Hassan, Amina Hussien, Asha Hussein, Rahma Hussein, Fowsiya Ibrahim, Habsa Ibrahim, Mustafa Jama, Ahmed Jibril, Abdi Mohamed, Ahmed Mohamed, Dhoofo Mohamed, Hawo Mohamed, Muna Mohamed, Naima Mohamed, Ayan Mohamud, Faysal Mohamud, Sahra Mohamud, Nimo Musse, Said Nuuh, Abdirizak Sahal, Hawo Sharif, Abdullahi Sheekh, Abdifatah Warsame, Abdulaziz Warsame, Abdiaziz Yusuf, Ahmed Hassan

22

Yusuf, Jama A. Yusuf, Maryan Yusuf, and Maymun Yusuf are dismissed with prejudice.

Dated this 24th day of July, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge