# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV318 |
| V. | ) ) | |
| **JBS USA, LLC,** | ) ) | ORDER |
| Defendant. | ) ) | |

This matter is before the Court on Defendant's Motion to Compel Answers to Interrogatories and Request for Sanctions (filing 689). Defendant's Motion will be granted, in part.

## BACKGROUND

On January 13, 2015, Defendant served interrogatories on Plaintiff/Intervenors Asli Abdille Abdullahi (f/k/s Ambiya Roble), Said Adoow, Noor Ahmed, Ahmed Farah Ali, Ayan Ali, Rashid Yusuf Hundule, Abdirisak Adan Abdulahi (f/k/a/ Hussein Hussein), Adbulkadir Jama, Mohamed Jama, Abdalle Hassan Mahamud, Hanad Mohammed, Yusuf Hassan Mohamud (f/k/a/ Abdalle Ali Mohamud), Astur Mur, Warsame Nur, Ali Abdi Hakim Said, and Abdulqani Yusuf (collectively referred to herein as "Plaintiff/Intervenors"). These Plaintiff/Intervenors are represented by CAIR-Chicago.

CAIR-Chicago attempted to contact Plaintiff/Intervenors on multiple occasions in an effort to get them to verify their interrogatory responses. However, Plaintiff/Intervenors failed to respond to these communications. As a result, to date, CAIR-Chicago has not provided verified interrogatory responses to Defendant. CAIR-Chicago did, however, provide Defendant with unverified responses.

Due to Plaintiff/Intervenors' failure to communicate, CAIR-Chicago moved to

withdraw as their counsel on July 27, 2015 (filing 708). By order dated July 28, 2015, the Court granted CAIR-Chicago leave to withdraw, instructing counsel to mail a copy of the Court's order to Plaintiff/Intervenors, along with a letter notifying them that CAIR-Chicago would no longer be representing them in this action. (Filing 711.) The order further provided that counsel would not be relieved of their duties until proof of service was filed showing compliance with the order. (Id.) At this time, CAIR-Chicago remains listed as Plaintiff/Intervenors' counsel of record.

## DISCUSSION

There does not appear to be any dispute that Defendant is entitled to discovery responses. On account of Plaintiff/Intervenors' lack of responsiveness, Defendant does not seek sanctions directly against CAIR-Chicago. Therefore, in light of the circumstances, the Court will grant Defendant's Motion to Compel, but will deny Defendant's request for sanctions against Plaintiff/Intervenors at this time. In the event Plaintiff/Intervenors fail to comply with this Order, the issue of sanctions against Plaintiff/Intervenors may be revisited.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Compel Answers to Interrogatories and Request for Sanctions (filing 689) is granted, in part. Plaintiff/Intervenors shall supply verified responses to Defendant's interrogatories within forty-five (45) days of this Order. Failure to do so may result in the imposition of sanctions, including, but not limited to, dismissal of these Plaintiff/Intervenors' claims. CAIR-Chicago shall immediately mail copies of this Order, by certified mail, to the above-referenced Plaintiff/Intervenors at their last known addresses of record. Immediately thereafter, CAIR-Chicago shall file a certificate of service showing compliance with this Order.

**DATED September 17, 2015.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**