IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>ABDI MOHAMED, et al.,<br><br>            Plaintiffs/Intervenors,<br><br>FARHAN ABDI, et al.,<br><br>            Plaintiffs/Intervenors,<br><br>   vs.<br><br>JBS USA, LLC,<br><br>            Defendant. | 8:10CV318<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion for Additional Findings and to Amend Judgment, and for Entry of Final Judgment (Filing No. 864) filed by Defendant JBS USA, LLC ("JBS"). Plaintiff Equal Employment Opportunity Commission ("EEOC") and Plainiff-Intervenors Abdi Mohamed, et al. ("First Intervenors") both filed responses stating the specific reasons they do not oppose the ultimate relief sought in JBS's Motion while specifically preserving their rights to appeal. (*See* Filing Nos. 866, 867.) For the reasons stated below, the Motion will be granted.

BACKGROUND

On August 19, 2016, the Court issued its Memorandum and Order (Filing No. 861 (referred to in this Memorandum and Order as the "Group B Order"), which, among other rulings, granted JBS's Phase II Motion for Summary Judgment (Filing No. 791) pertaining to four Claimants, Shamso Abshir ("Abshir"), Tufah Hassan (formerly known

as Sahara Noor, and referred to in this Memorandum as "Noor"), Abdiaziz Jama ("Jama"), and Shukri Wais ("Wais"). Finding that JBS terminated Abshir, Jama, Noor and Wais based on its belief that they engaged in misconduct, and finding no evidence of pretext, the Court dismissed all claims asserted by or on behalf of these four Claimants. (*See* Filing No. 861 at 53-54, 55, 57-58.) JBS asserts that, based on the remaining allegations and claimants, the Court should extend its ruling to all remaining EEOC claimants and all remaining First Intervenors.

## DISCUSSION

**I.  Additional Findings**

Under Fed. R. Civ. P. 52(b), "[o]n a party's motion . . . the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Although the EEOC and First Intervenors disagree with the Court's findings and conclusions in the Group B Order, they agree that the facts and evidence the Court relied on in dismissing Abshir, Jama, Noor and Wais would also apply to the other EEOC claimants and First Intervenors.  Thus, further discovery on the EEOC and First Intervenors' remaining claims would be a waste of judicial resources.  Under the circumstances of this case, the Court concludes that additional findings are appropriate to resolve all remaining claims not specifically addressed by the Court's Group B Order. Accordingly, the Court concludes that, for the reasoning stated in the Group B Order, the remaining claims asserted by the EEOC and First Intervenors are dismissed, with prejudice.

## II.  Final Appealable Order

Generally, "only orders that dispose of all claims [are considered] final and appealable under 28 U.S.C. § 1291." *Williams v. County of Dakota, Nebraska,* 687 F.3d 1064, 1067 (8th Cir. 2012) (alteration brackets and citation omitted). "Rule 54(b) creates a well-established exception to this rule by allowing a district court to enter a final judgment on some but not all of the claims in a lawsuit." *Id.* (quoting *Clark v. Baka,* 593 F.3d 712, 714 (8th Cir. 2010)). "However, the district court may enter final judgment under this rule 'only if the court expressly determines that there is no just reason for delay.'" *Id.* (quoting Fed. R. Civ. P. 54(b)).

"When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis." *Williams,* 687 F.3d at 1067. First, the district court must "determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." *Id.* (quoting *Outdoor Central, Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1118 (8th Cir.2011)). "Second, 'in determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'" *Id.* (quoting *Outdoor Central, Inc.,* 643 F.3d at 1118 (alteration brackets omitted)). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* at 1067–68 (quoting *Hayden v. McDonald,* 719 F.2d 266, 268 (8th Cir. 1983)) (internal quotation marks omitted). Conversely, certification should not be granted merely because the resolved claims "are in some sense separable from the remaining unresolved claims," or merely because there is "the potential for multiple trials ... and ... inconsistent jury

3

verdicts involving the same incident." *Huggins v. FedEx Ground Package System, Inc.,* 566 F.3d 771, 774 (8th Cir. 2009) (citations omitted). The Eighth Circuit has stated that interlocutory appeals are "generally disfavored," and "it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Williams,* 687 F.3d at 1067 (quoting *Clark,* 593 F.3d at 714-15).

The Court concludes that the circumstances of the Group B Order make this a "special case" that overcomes the Eighth Circuit's preference against certification and warrants an immediate appeal. Under the first step articulated in *Williams,* the Court concludes, and the EEOC and First Intervenors agree for purposes of this Motion only, that its findings and conclusions are the ultimate disposition of the EEOC and First Intervenors' remaining claims. Thus, for purposes of certifying appeal, these claims have been decided on the merits. Accordingly, the Court's Group B Order is the ultimate disposition of an individual claim, and step one has been satisfied.

The parties also agree that there is no just reason for delay in entering final judgment on the Court's Group B Order. The EEOC acknowledged that the application of the Court's findings from the Group B Order would likely result in summary judgment as to the EEOC's claims on behalf of its remaining 33 claimants, though the EEOC respectfully disagrees with the Court's findings. For that reason, engaging in additional discovery regarding the specific facts related to each separate claimant and having JBS file separate motions for summary judgment related to additional groups of claimants would be inefficient. First Intervenors also agree that there is no reason to delay entry of judgment. Accordingly, step two has been satisfied.

4

## CONCLUSION

For the reasons stated above, the Court concludes that there is no just reason for delay and a final, appealable judgment will be entered in favor of JBS and against the EEOC and First Intervenors. Accordingly,

IT IS ORDERED:

1. The Motion for Additional Findings and to Amend Judgment, and for Entry of Final Judgment (Filing No. 864) filed by Defendant JBS USA, LLC, is granted;

2. All claims asserted by the EEOC and First Intervenors are dismissed, with prejudice;

3. A separate final, appealable judgment will be entered in favor of Defendant JBS USA, LLC and against Plaintiff Equal Employment Opportunity Commission and Plaintiff-Intervenors Abdi Mohamed, et al.

Dated this 21st day of September, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge