# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **ABDI MOHAMED, ET AL.,** | ) ) | |
| **Plaintiffs/Intervenors,** | ) ) | **8:10CV318** |
| **FARHAN ABDI, ET AL.,** | ) ) | **ORDER** |
| **Plaintiffs/Intervenors,** | ) ) ) | |
| **v.** | ) ) | |
| **JBS USA, LLC,** | ) ) | |
| **Defendant.** | ) | |

This matter comes before the court on the Motion to Withdraw as Counsel for Certain Farhan Abdi, et al. Plaintiff-Intervenors ([Filing No. 879](#)) filed by Phillip J. Robertson at CAIR-Chicago.

Mr. Robertson has attempted to contact the plaintiff-intervenors for several months through mail to their last known addresses and phone calls to their last known phone numbers, and has received no responses. Citing these communication issues and a fundamental disagreement with litigation strategy, Mr. Robertson seeks to withdraw his representation of the following plaintiff-intervenors: (1) Bashir Abdi; (2) Ahmed Adam; (3) Mohamed Adan; (4) Mohamed Dhadin (Yusuf Soldad); (5) Hassan Gabow; (6) Abdikhadar Hassan; (7) Mohamed Isman; (8) Musa Abdalla Mohamed; (9) Ayan Osman; and (10) Ali Shire. Mr. Robertson sent a letter in English and Somali via certified mail on November 2, 2016, to each plaintiff-intervenor, informing them of this motion to

withdraw. Under these circumstances, the court finds the motion to withdraw should be granted. Accordingly,

**IT IS ORDERED:**

1. The Motion to Withdraw as Counsel for Certain Farhan Abdi, et al. Plaintiff-Intervenors (Filing No. 879) is granted.

2. Mr. Robertson shall immediately serve copies of this Order on (1) Bashir Abdi; (2) Ahmed Adam; (3) Mohamed Adan; (4) Mohamed Dhadin (Yusuf Soldad); (5) Hassan Gabow; (6) Abdikhadar Hassan; (7) Mohamed Isman; (8) Musa Abdalla Mohamed; (9) Ayan Osman; and (10) Ali Shire, and thereafter file proof of service showing compliance with this Order, listing the name and address of the person to whom notice was sent. Mr. Robertson will not be relieved of applicable duties to the Court, the above-named plaintiff-intervenors, and opposing counsel until proof of service is filed.

3. Upon the filing of proof of service pursuant to Paragraph 2 of this Order, the plaintiff-intervenors named in Paragraph 2 will be deemed to be proceeding pro se, that is, without the assistance of counsel, unless substitute counsel has entered a written appearance on her behalf. If substitute counsel has not entered a written appearance, the above-named plaintiff-intervenors shall each file a written notice with the Clerk of the Court of their current address and telephone number within five (5) business days of being served with this Order. The above-named plaintiff-intervenors may retain substitute counsel at any time. However, until such time as substitute counsel enters a written appearance, the plaintiff-intervenors shall comply with all orders of this Court, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs and attorney's fees and/or the entry of default.

4. Upon Mr. Robertson's submission of proof of service as described in Paragraph 2 of this Order, the Clerk of Court shall terminate Mr. Robertson's appearance as counsel for the plaintiff-intervenors named in Paragraph 2.

**DATED: November 15, 2016.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**