# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>ABDI MOHAMED, et al.,<br><br>        Plaintiffs/Intervenors,<br><br>FARHAN ABDI, et al.,<br><br>        Plaintiffs/Intervenors,<br><br>  vs.<br><br>JBS USA, LLC,<br><br>        Defendant. | 8:10CV318<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss Pro Se Intervenors for Failure to Comply with Court Orders, ECF No. 884, filed by Defendant JBS USA, LLC ("JBS"). For the reasons stated below, the Motion will be granted.

## BACKGROUND

On November 16, 2016, Phillip J. Robertson of CAIR-Chicago, counsel for the Farhan Abdi, *et al.*, Plaintiff/Intervenors ("CAIR"), filed an Amended Motion to Withdraw, seeking to withdraw as attorneys for 19 Plaintiff/Intervenors: Faydero (Saynab) Abdirahman; Sugule Ahmed; Sahra Botan; Mohamed Isak (or Isak Mohamed); Omar Mohamed; Hawa Mohamud; Asha (Maryan) Muse; Hodan Sirad (Sugra Olad); Abdirahman A. Yusuf; Bashir Abdi; Ahmed Adam; Mohamed Adan; Mohamed Dhadin (Yusuf Soldad); Hassan Gabow; Abdikhadar (or Abdikhader) Hassan; Mohamed Isman; Musa Abdalla Mohamed; Ayan Osman; and Shire Abdirashid Ahmed (Ali Shire) (collectively the "Plaintiff-Intervenors"). ECF No. 881. CAIR noted that it had attempted

to contact the Plaintiff-Intervenors for several months but had not been able to communicate with them. ECF No. 881, Page ID 17431.

The Court granted the Amended Motion to withdraw on November 17, 2016. ECF No. 882. Mr. Robertson and CAIR-Chicago were granted leave to withdraw as counsel for the Plaintiff-Intervenors. *Id.* The Court ordered CAIR-Chicago to serve copies of the Court's Order immediately on each of the 19 Plaintiff-Intervenors. *Id.*, Page ID 17437. The Court also directed that CAIR-Chicago file a proof of service with the Court, showing compliance with the Order and listing the names and addresses of the persons to whom the notice was sent. *Id.*

On December 16, 2016, CAIR-Chicago filed its Proof of Service, listing the 19 Plaintiff-Intervenors who had been served, via U.S. Certified Mail, with the Court's Order of November 18, 2016. ECF No. 883. Upon the filing of this Proof of Service, the Plaintiff-Intervenors were deemed to be proceeding pro se. *See* ECF No. 882, Page ID 17437. In the absence of substitute counsel entering a written appearance, each Plaintiff-Intervenor was directed to file a written notice with the Clerk of the Court of his/her current address and telephone number within five business days of being served with the Order. *Id.*, Page ID 17437. Thus, on or before December 1, 2016, each of the 19 Plaintiff-Intervenors was required to file a written notice with the Clerk of his/her current address and telephone number.

On December 22, 2016, JBS filed its Motion to Dismiss the Plaintiff-Intervenors. As of the date of this Memorandum and Order, none of the Plaintiff-Intervenors has filed the written notice, nor has any party objected to JBS's Motion to Dismiss.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss any claims asserted against it by a plaintiff who "fails to prosecute or to comply with these rules or a court order . . . ." Similarly, NECivR 41.2 provides, "[a]t any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Here, the failure of the 19 Plaintiff-Intervenors to comply with the Court's Amended Order, ECF No. 882, is grounds for dismissal of their remaining claims. *See, e.g.*, *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court"); *Henderson v. Renaissance Grand Hotel*, 267 Fed. Appx. 496 (8th Cir 2008) (affirming dismissal of plaintiff's Title VII action for failure to prosecute after finding that plaintiff failed to comply with court orders in a timely manner).

Dismissal for failure to comply with a court order is appropriate regardless of whether the plaintiff is represented by counsel. *See, e.g.*, *Brantley v. BNSF Ry. Co.*, No. 4:12CV3215, 2014 WL 840641, *3 (D. Neb. March 4, 2014) (dismissing pro se litigant's case for failing to comply with court's discovery orders); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 678 (N.D. Iowa 1995) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law"). Where the Court orders a pro se plaintiff to file an update regarding his "intention to continue prosecution of his claims," failure to file such an update "or failure to do so in a timely manner will be deemed failure to prosecute . . . and may be deemed willful disobedience of a court order, resulting in dismissal . . . pursuant to Fed. R. Civ. P. 41(b)." *Hancock v. Thalacker*, 933 F. Supp. 1449, 1461 (N.D. Iowa 1996). Although a "pro se litigant should receive meaningful notice of what is expected of him," he is required to, at the

very least, attempt in good faith to comply with the Court's orders. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (dismissing pro se plaintiff's case pursuant to Rule 41(b) after he failed to comply with the court's pretrial orders to clarify his claims).  Because the 19 Plaintiff-Intervenors have not complied with the Court's Order, pursuant to Fed. R. Civ. P. 41(b) and NECivR 41.2, their remaining claims will be dismissed, with prejudice.

Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss Pro Se Intervenors for Failure to Comply with Court Orders, ECF No. 884, filed by Defendant JBS USA, LLC, is granted; and

2. All claims asserted by Faydero (Saynab) Abdirahman; Sugule Ahmed; Sahra Botan; Mohamed Isak (or Isak Mohamed); Omar Mohamed; Hawa Mohamud; Asha (Maryan) Muse; Hodan Sirad (Sugra Olad); Abdirahman A. Yusuf; Bashir Abdi; Ahmed Adam; Mohamed Adan; Mohamed Dhadin (Yusuf Soldad); Hassan Gabow; Abdikhadar (or Abdikhader) Hassan; Mohamed Isman; Musa Abdalla Mohamed; Ayan Osman; and Shire Abdirashid Ahmed (Ali Shire), are dismissed, with prejudice.

Dated this 6th day of February, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge