# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>ABDI MOHAMED, et al.,<br><br>    Plaintiffs/Intervenors,<br><br>FARHAN ABDI, et al.,<br><br>    Plaintiffs/Intervenors,<br><br> vs.<br><br>JBS USA, LLC,<br><br>    Defendant. | 8:10CV318<br><br>MEMORANDUM AND ORDER OF DISMISSAL |

This matter is before the Court on the Motion to Dismiss Pro Se Intervenors for Failure to Comply with Court Orders, ECF No. 896, filed by Defendant JBS USA, LLC ("JBS"). Also before the Court is the Motion to Withdraw, ECF No. 898, filed by Plaintiff Nimo Mohamed. For the reasons stated below, the Motions will be granted, and this case will be closed.

## BACKGROUND

On March 6, 2017, Phillip J. Robertson of CAIR-Chicago, counsel for the Farhan Abdi, *et al.*, Plaintiff/Intervenors ("CAIR"), filed a Motion to Withdraw, seeking to withdraw as attorneys for 13 Plaintiff/Intervenors: Farah M. Farah; Nimo Mohamed; Farhan Abdi; Rahma Mohamed Abdi; Abdirizaq Abdulle; Said Ali Ahmed; Yasin Ahmed; Yusuf Dulane; Amina Farah; Saynab Farah; Amina Gelle; Abdighani Muse; and Mukhtar Omar (collectively the "Plaintiff-Intervenors"). ECF No. 893. CAIR noted that it had

attempted to contact the Plaintiff-Intervenors for several months but had not been able to communicate with them. ECF No. 893, Page ID 17469.

Mr. Robertson and CAIR were granted leave to withdraw as counsel for the Plaintiff-Intervenors. ECF No. 894. The Court ordered CAIR to serve copies of the Court's Order immediately on each of the 13 Plaintiff-Intervenors. *Id.*, Page ID 17475. The Court also directed that CAIR file a proof of service with the Court, showing compliance with the Order and listing the names and addresses of the persons to whom the notice was sent. *Id.*, Page ID 17475-76.

On March 14, 2017, CAIR-Chicago filed its Proof of Service, listing the 13 Plaintiff-Intervenors who had been served, via U.S. Certified Mail, with the Court's Order of March 7, 2017. ECF No. 895. Upon the filing of this Proof of Service, the Plaintiff-Intervenors were deemed to be proceeding pro se. *See* ECF No. 894, Page ID 17475. In the absence of substitute counsel entering a written appearance, each Plaintiff-Intervenor was directed to file a written notice with the Clerk of the Court of his/her current address and telephone number within five business days of being served with the Order. *Id.*, Page ID 17475. Thus, on or before March 22, 2017, each of the 13 Plaintiff-Intervenors was required to file a written notice with the Clerk of his/her current address and telephone number.

On March 31, 2017, JBS filed its Motion to Dismiss the Plaintiff-Intervenors. On April 5, 2017, Plaintiff-Intervenor Nimo Abdirizak Mohamed filed a document styled as a Request to Withdraw, indicating that she wished to remove her name from the lawsuit. ECF No. 898, Page ID 17491. As of the date of this Memorandum and Order, no other

Plaintiff-Intervenor has filed written notice, nor has any party objected to JBS's Motion to Dismiss.

## DISCUSSION

1. **Dismissal of the 13 Remaining Plaintiff-Intervenors**

Plaintiff-Intervenor Nimo Mohamed was the only remaining Plaintiff-Intervenor to file a response to the Court's orders. The Court deems the document filed ECF No. 898 as a plaintiff's motion to dismiss, under Federal Rule of Civil Procedure 41(a)(2). The Court finds that the motion should be granted, and the above-captioned action should be dismissed with prejudice on that basis as to Plaintiff-Intervenor Nimo Mohamed.

As to the other Plaintiff-Intervenors, the Court will dismiss their claims for failure to comply with the Court's orders. Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss any claims asserted against it by a plaintiff who "fails to prosecute or to comply with these rules or a court order . . . ." Similarly, NECivR 41.2 provides, "[a]t any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Here, the failure of the other Plaintiff-Intervenors to comply with the Court's Amended Order, ECF No. 894, is grounds for dismissal of their remaining claims. *See, e.g.*, *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court"); *Henderson v. Renaissance Grand Hotel*, 267 Fed. Appx. 496 (8th Cir 2008) (affirming dismissal of plaintiff's Title VII action for failure to prosecute after finding that plaintiff failed to comply with court orders in a timely manner).

Dismissal for failure to comply with a court order is appropriate regardless of whether the plaintiff is represented by counsel. *See, e.g.*, *Brantley v. BNSF Ry. Co.*, No.

4:12CV3215, 2014 WL 840641, *3 (D. Neb. March 4, 2014) (dismissing pro se litigant's case for failing to comply with court's discovery orders); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 678 (N.D. Iowa 1995) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law"). Where the Court orders a pro se plaintiff to file an update regarding his "intention to continue prosecution of his claims," failure to file such an update "or failure to do so in a timely manner will be deemed failure to prosecute . . . and may be deemed willful disobedience of a court order, resulting in dismissal . . . pursuant to Fed. R. Civ. P. 41(b)." *Hancock v. Thalacker*, 933 F. Supp. 1449, 1461 (N.D. Iowa 1996). Although a "pro se litigant should receive meaningful notice of what is expected of him," he is required to, at the very least, attempt in good faith to comply with the Court's orders. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (dismissing pro se plaintiff's case pursuant to Rule 41(b) after he failed to comply with the court's pretrial orders to clarify his claims). Because the 13 Plaintiff-Intervenors have not complied with the Court's Order, pursuant to Fed. R. Civ. P. 41(b) and NECivR 41.2, their remaining claims will be dismissed, with prejudice.

**2. Disposition of Case**

Plaintiffs remaining at the Phase II stage of proceedings included the EEOC and several individual Plaintiff-Intervenors. In Phase II, the Plaintiff-Intervenors were divided into three categories, based on their representation by different counsel, or no counsel. The first category consisted of Plaintiff-Intervenors Abdi Mohamed, et al. ("First Intervenors"). The second category consisted of Plaintiff-Intervenors Farhan Abdi, et al. ("Second Intervenors"). The third category consisted of Plaintiff-Intervenors no longer

4

represented by counsel ("Pro Se Intervenors"). On September 21, 2016, the Court dismissed, with prejudice, all claims asserted by the EEOC and First Intervenors, and entered judgment in favor of JBS on the claims asserted by those parties. Thus, only claims asserted by the Second Intervenors and Pro Se Intervenors remained.

Over the course of several months, the Court has dismissed the claims of several Plaintiff-Intervenors who were non-responsive to their retained counsel and the Court. *See e.g.*, ECF Nos. 861, 889. Upon the filing of this Memorandum and Order, the claims of the remaining Plaintiff-Intervenors have all been dismissed. Accordingly, this case may be closed.

IT IS ORDERED:

1. The Motion to Dismiss Pro Se Intervenors for Failure to Comply with Court Orders, ECF No. 896, filed by Defendant JBS USA, LLC, is granted;

2. The Motion to Withdraw, ECF No. 898, filed by Plaintiff Nimo Mohamed, is granted;

3. All claims asserted by Farah M. Farah; Nimo Mohamed; Farhan Abdi; Rahma Mohamed Abdi; Abdirizaq Abdulle; Said Ali Ahmed; Yasin Ahmed; Yusuf Dulane; Amina Farah; Saynab Farah; Amina Gelle; Abdighani Muse; and Mukhtar Omar, are dismissed, with prejudice; and

4. The Clerk of Court is directed to close this case.

Dated this 27th day of April, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge